## A98A0126. THOMAS v. THE STATE.
(498 SE2d 760)

Andrews, Chief Judge.

Russell Thomas was convicted in a bench trial of trafficking in cocaine, possession of heroin with intent to distribute, and misdemeanor possession of marijuana. On appeal, he claims the trial court erred by denying his motion to suppress evidence found by police in searches of his person and his automobile and in a statement he gave to police after his arrest. We find no error and affirm the convictions.

Augusta police received information from an informant of unknown trustworthiness that on March 3, 1994, a black male named Russell would deliver approximately two grams of heroin to the Masters Inn at 3207 Washington Road in Augusta. The informant described the automobile that the man would be driving to the Masters Inn and told police that he would be driving to Augusta from Columbia, South Carolina. On the morning of March 3, Augusta police observed a black male driving an automobile matching the description given by the informant as it arrived in Augusta on Interstate 20 traveling west from the direction of Columbia, South Carolina. Police followed the automobile to the Masters Inn at 3207 Washington Road. After the automobile parked at the Masters Inn, police approached, identified themselves as police, and ordered Thomas, who was the driver and sole occupant, to get out of the automobile.

When Thomas exited the automobile, the police asked him for identification and informed him that they had information that he was carrying illegal drugs. A police officer testified that when Thomas got out of the automobile he kept placing his hand into his jacket pocket. The officer told Thomas to take his hand out of the pocket. When Thomas refused to do so, the officer, fearing for his own safety, forcibly removed Thomas' hand from the pocket and reached in the pocket and found a bag containing suspected heroin. At that point officers arrested Thomas, searched his person, and found suspected cocaine in his pants pocket. Police asked Thomas for permission to search the automobile and Thomas consented. A search of the automobile produced suspected marijuana, additional suspected cocaine, and $1,106 in United States currency.

The suspected illegal substances were tested at the State Crime Lab and proved to be 1.9 grams of a substance containing heroin,

approximately 250 grams of a substance with a purity of 67 percent cocaine, and 12.4 grams of marijuana. Subsequent to his arrest, Thomas gave a statement to police in which he admitted that at the time of his arrest he was delivering the heroin to a person he intended to meet at the Masters Inn. He also admitted that he was transporting the seized cocaine from Columbia to Atlanta.

Although the informant who gave the information to the police was of unknown trustworthiness, the police were able to corroborate the information by observing the described automobile and driver arrive in Augusta on the morning of March 3 from the direction of Columbia and travel to the exact location described by the informant. Some of the information provided by the informant, such as the description of Thomas and his automobile, would have been available to the general public, but the general public would not have known in advance that Thomas would arrive in Augusta in the predicted time frame and drive to the Masters Inn located at 3207 Washington Road. Because the informant's ability to predict Thomas' future behavior demonstrated that he had inside information and was familiar with Thomas' affairs, it was reasonable for the police to conclude that the informant had reliable information about Thomas' illegal drug activity. *Britton v. State*, 220 Ga. App. 120, 121 (469 SE2d 272) (1996); *Alabama v. White*, 496 U. S. 325, 332 (110 SC 2412, 110 LE2d 301) (1990). The information provided by the informant exhibited sufficient indicia of reliability to provide the police with reasonable suspicion to conduct an investigatory stop of Thomas and to order him to get out of the automobile for this purpose. Id.; *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); *Pennsylvania v. Mimms*, 434 U. S. 106, 111 (98 SC 330, 54 LE2d 331) (1977).

In conducting an investigatory stop pursuant to *Terry v. Ohio*, a police officer is entitled to conduct a limited pat-down search of the suspect for weapons if the officer reasonably believes that the suspect poses a threat to his safety or others. *Terry*, supra, 392 U. S. at 28-31. Given that the present investigatory stop involved a suspect in an automobile who was suspected of illegal drug activity, it was clearly reasonable for the officer to suspect that Thomas could be armed. *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991); *Wilson v. State*, 210 Ga. App. 886, 887 (437 SE2d 867) (1993). Accordingly, the officer would have been authorized to conduct a pat-down search of Thomas to determine whether he was armed. Id. Normally, this search involves following a two-step process where the officer must first conduct a nonintrusive pat-down of the surface of the suspect's clothing and then intrude beneath the surface only if he feels something that could be a weapon. *Barrett v. State*, 212 Ga. App. 745, 748 (443 SE2d 285) (1994). However, an officer conducting an investigatory stop of a potentially armed suspect is not required under all cir-

cumstances to follow the two-step pat-down procedure. *Hayes*, supra at 206. When faced with threatening conduct by a suspect, an officer is entitled to take reasonable action to protect himself, which may involve an immediate intrusive search of the suspect. In evaluating an intrusive search of a suspect by a police officer to investigate or eliminate a threat to his safety, the issue is whether, balancing the officer's need to search against the intrusion of personal security which the search entails, the officer's action was reasonable under the circumstances. *Hayes*, supra at 206; *Terry*, supra, 392 U. S. at 18-22.

As Thomas first stepped out of the automobile, the officer observed that he kept placing his hand in the pocket of his jacket. Since under the circumstances the officer had a reasonable suspicion that Thomas could be armed, it was reasonable for the officer to perceive this action as a threat to his safety. When Thomas refused to remove his hand from the pocket, the officer took reasonable action to protect himself by forcibly removing Thomas' hand from the pocket and by reaching in the pocket to search for a weapon. *Hayes*, supra. Since the officer acted reasonably in conducting the protective search of the pocket for a weapon, there was no Fourth Amendment violation when he found heroin in the pocket.

Having found heroin in Thomas' possession, the police had probable cause to place him under arrest. The cocaine on Thomas' person was found pursuant to a valid search incident to his arrest. The additional cocaine and the marijuana in the automobile were found pursuant to a valid search conducted with Thomas' consent. Since the initial investigatory stop and subsequent searches violated no Fourth Amendment rights of Thomas, it follows that there is no merit to Thomas' contention that the statement he gave to police was the tainted product of an illegal stop and illegal searches. The trial court properly denied Thomas' motion to suppress.

The evidence was sufficient for a rational trier of fact to find that Thomas was guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 12, 1998 ▬

*Christopher G. Nicholson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.