## A99A1017. SMITH v. THE STATE.
### (519 SE2d 474)

Judge Harold R. Banke.

Traci Smith was charged with possession of cocaine and marijuana. After the trial court denied his motion to suppress, he was convicted of cocaine possession based on stipulated facts presented at a bench trial. In this appeal, he contends that the cocaine was seized pursuant to a search warrant unsupported by probable cause.

The evidence introduced at the hearing on the motion to suppress showed that a housing project known as Lyman Homes was under surveillance by the Marietta Police Department because of numerous complaints of illegal drug sales. The area is also notorious for open-air drug activity, i.e., drive-by sales. During their surveillance, officers observed a known drug seller make numerous, apparent drug sales to passing motorists. During the course of these transactions, the subject repeatedly entered and exited Apartment 3 of the 371 Hunt Street Building. Smith and his sister resided therein.

After another convicted drug user was seen going to and from this apartment, an undercover officer drove his vehicle into the area, approached a suspected dealer near the apartment, and asked for $20 worth of crack cocaine. The suspected dealer thereupon went into the apartment but departed quickly. He then gave an undetermined amount of crack cocaine to another known user, who in turn handed it to the officer in exchange for the money. Based on the foregoing information, the police obtained a warrant to search the apartment the next day. Marijuana and cocaine were found in the apartment during execution of the warrant. *Held*:

In determining whether to issue a search warrant, "the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." (Cits.) [Cit.]

*McKenzie v. State*, 208 Ga. App. 683, 685 (2) (431 SE2d 715) (1993).

In arguing that probable cause for issuance of the warrant was lacking here, Smith relies on a line of cases represented by *State v. Porter*, 167 Ga. App. 293 (306 SE2d 377) (1983). These decisions hold that observations of drug traffic patterns raise at most a mere suspicion of drugs being sold and falls short of information upon which probable cause for issuance of a search warrant must be based. See *State v. Brown*, 186 Ga. App. 155, 158 (3) (366 SE2d 816) (1988) (physical precedent only).

But here there was more than mere observations of suspicious activity. The police surveillance culminated in an actual purchase of cocaine by an undercover officer from an individual who, like the ones before him, appeared to retrieve the drug from Smith's apartment. At a minimum, the information provided to the magistrate issuing the warrant provided a substantial basis for concluding that the apartment had been used as a storehouse for the cocaine sold to the undercover officer. See *Atkins v. State*, 211 Ga. App. 712, 714 (440 SE2d 476) (1994); *Hamilton v. State*, 210 Ga. App. 496, 497-498 (1) (436 SE2d 500) (1993); *McKenzie v. State*, supra; *Borders v. State*, 173 Ga. App. 110, 112-113 (1) (325 SE2d 626) (1984). The court did not err in denying the motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 14, 1999.

*Mitchell D. Durham*, for appellant.
*Patrick H. Head, District Attorney, Ann B. Harris, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.