## A00A0967. BARNETT v. THE STATE.
### (538 SE2d 812)

RUFFIN, Judge.

Following a bench trial on stipulated facts, Jackie Barnett was found guilty of possessing cocaine and giving a false name to an officer. In his sole enumeration of error, Barnett challenges the trial court's denial of his motion to suppress. For reasons that follow, we affirm.

In reviewing a trial court's denial of a motion to suppress, we view the evidence in the light most favorable to upholding that court's ruling.[1] "It is the trial court's duty to resolve conflicts in the evidence, and its findings of credibility and fact will not be disturbed on appeal unless they are clearly erroneous."[2]

On June 5, 1999, at approximately 10:00 p.m., Athens-Clarke County Police Officer Jeffrey Herold was participating in a sting operation, in which other officers were posing as prostitutes. While the undercover officers were talking to people in a white van, a known prostitute shoved the officers aside and got into the van. When Herold saw the van, which had a broken taillight, he activated his blue lights and stopped the van.

As Herold approached the van, he saw Barnett, who was sitting in the front passenger seat, attempting to stuff a piece of paper into the air conditioner vent using his left hand. Herold also saw that Barnett's right hand was moving, but, because of poor lighting, he was unable to see what Barnett was doing with that hand. For safety purposes, Herold ordered Barnett to show his hands, which Barnett failed to do. After demanding that Barnett show his hands "[a]t least two or three times," Herold and another officer reached in the window, grabbed Barnett's hands, and forced his hands open to ensure

[1] *Wilburn v. State*, 230 Ga. App. 619 (1) (497 SE2d 380) (1998).
[2] Id.

that he did not have a weapon. Barnett's hands were empty. The officers then removed Barnett from the van, and Herold found a scrap of paper that contained crack cocaine on the floorboard of the passenger side.

On appeal, Barnett contends that there was no evidence that he posed any threat to the officers' safety. Thus, he contends that the officers had no basis for forcing his hand open or for requiring him to exit the car. Barnett asserts that it was this unlawful police activity that caused him to drop the piece of paper in which he had an expectation of privacy. We disagree.

As Barnett acknowledges, the police acted within their authority in stopping the van. Having validly stopped the van, the police were permitted to conduct a reasonable search for weapons regardless of whether they had probable cause to arrest Barnett.[3] A search is permitted even if the officer is not certain that an individual is armed so long as "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger."[4]

Here, Barnett was a passenger in a van that had just picked up a known prostitute. Although Barnett was not driving the van, "the officers need not disregard the passenger in the [van] given the number of cases in which police officers are attacked, sometimes fatally, by passengers in vehicles."[5] Herold could see that Barnett was moving his hands inside the car, and it was reasonable to fear that Barnett was reaching for a gun. Accordingly, Herold acted within his authority in demanding that Barnett show his hands.[6]

According to Barnett, even if the officers had the authority to demand that he exit the van, they exceeded their authority in forcibly grabbing his arms and opening his hands. Again, we disagree. Normally, searches for weapons involve a two-step process where an officer first pats down the surface of a person's clothing before intruding further.[7] However, "[w]hen faced with threatening conduct by a suspect, an officer is entitled to take reasonable action to protect himself, which may involve an immediate intrusive search."[8] Barnett's failure to comply with repeated police demands that he show his hands constitutes such threatening conduct.[9] Accordingly, the

---

[3] *Williams v. State*, 236 Ga. App. 102, 105 (2) (511 SE2d 216) (1999).

[4] (Punctuation omitted.) Id.

[5] *Dowdy v. State*, 209 Ga. App. 311, 312 (433 SE2d 293) (1993).

[6] See *Sultenfuss v. State*, 185 Ga. App. 47, 48 (1) (363 SE2d 337) (1987) (officers did not exceed authority in requiring defendant to show his hands and step from car and in forcibly removing him when he failed to comply).

[7] *Thomas v. State*, 231 Ga. App. 173, 174 (498 SE2d 760) (1998).

[8] Id. at 175.

[9] See id. (defendant's refusal to remove hand from pocket reasonably caused officer to

police officers acted reasonably in grabbing his arms and opening his hands to ensure that he did not possess any weapons.

As the police acted within their lawful authority, it cannot be said that they coerced Barnett into abandoning the crack cocaine.[10] Accordingly, the trial court did not err in denying Barnett's motion to suppress.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 30, 2000.

*Elizabeth M. Grant,* for appellant.
*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney,* for appellee.

