A00A2084. TUNARKA v. THE STATE.
(545 SE2d 15)

BLACKBURN, Chief Judge.

Following a bench trial, Jobe Tunarka appeals his convictions for possession of marijuana with intent to distribute and possession of less than one ounce of marijuana. Because the State failed to prove

venue for these convictions, we must reverse.

Although Tunarka did not challenge venue at trial, he did plead not guilty to the crimes for which he was indicted. Tunarka contends that, as such, he validly challenged venue, and, in return, the State counters that it was required only to show slight evidence of venue and that such evidence was provided.

Contrary to the State's contention, our Supreme Court has recently decided that:

> when a criminal defendant pleads not guilty, he or she has challenged venue, and the State will not be permitted to invoke the exception permitting it to establish venue with mere slight evidence. Quite to the contrary, whenever a criminal defendant pleads not guilty and is put on trial, the State is placed on notice that at trial, it will be required to establish venue beyond a reasonable doubt. Therefore, by its own definition, the slight evidence exception can never be invoked after a criminal defendant pleads not guilty and is placed on trial. . . . The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence. It must, however, come forth in all criminal prosecutions with evidence to show beyond a reasonable doubt that venue is properly laid.

*Jones v. State*, 272 Ga. 900, 902-903 (537 SE2d 80) (2000).

In this case, the record contains no evidence establishing beyond a reasonable doubt that the crimes involved occurred in Cobb County, where Tunarka was tried. While there was testimony that a package that was ultimately delivered to Tunarka was intercepted at a Federal Express office on Blairs Bridge Road in Cobb County, there was no evidence in the record of the county in which Tunarka's residence, where the drugs were found, was located. And, though the street address given for Tunarka's apartment was 1425 Blairs Bridge Road, the address, alone, was insufficient to establish that the address was in Cobb County, and thus venue was not established beyond a reasonable doubt. Although the Federal Express office was located in Cobb County, and Tunarka's residence was located on the same street, this does not establish that the residence was located in Cobb County.

The State also argues that the introduction into evidence of Tunarka's driver's license establishes venue. This license lists Tunarka's address and references county "033" on its face. The State argues that, because Cobb County is the thirty-third county listed under OCGA § 36-1-1 which simply sets forth the names of Georgia counties in alphabetical order, this Court must presume that (1) the

"033" on Tunarka's license refers to Cobb County and (2) the jurors knew this correlation when they entered their verdict. This argument is without merit as there was nothing in the record or presented to the jury which would have established the fact that defendant's residence was located in Cobb County. The record does not reflect that the trial court attempted to take judicial notice of the fact that "County 33" is Cobb County.

Finally, the State argues that the trial court must have taken judicial notice of the fact that Tunarka's apartment was located in Cobb County because it was an Austell address and Austell lies completely within Cobb County. The record, however, does not indicate that the trial court took judicial notice of this fact or allowed the parties to have an opportunity to be heard on this issue. *Graves v. State*.[1] "Nor are we, as a reviewing court, free to resort to judicial notice to legitimize a judgment." *Bradley v. State*.[2] Therefore, we must reverse for failure to prove venue, and Tunarka's remaining enumerations are rendered moot.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 17, 2001.

*Forrest K. Shealy,* for appellant.

*Patrick H. Head, District Attorney, Maria B. Golick, Dana J. Norman, Assistant District Attorneys,* for appellee.

[1] *Graves v. State*, 269 Ga. 772, 776 (4) (a) (504 SE2d 679) (1998).

[2] *Bradley v. State*, 238 Ga. App. 490, 491 (519 SE2d 261) (1999).