### A01A0217. CHANDLER v. THE STATE.
(546 SE2d 296)

BARNES, Judge.

Andrew Chandler appeals from his convictions of driving under the influence and no proof of insurance, contending insufficient evidence supports his convictions and that the trial court erred when it admitted hearsay evidence. Because the State failed to prove venue beyond a reasonable doubt, we must reverse.

---

Relying upon the Supreme Court of Georgia's recent opinion in *Jones v. State*, 272 Ga. 900 (537 SE2d 80) (2000), Chandler asserts the State failed to prove venue beyond a reasonable doubt. In *Jones*, the Supreme Court clarified the "slight evidence exception" as follows:

> The slight evidence exception has two parts and is written in the conjunctive; before slight evidence of venue will be deemed sufficient, venue must not have been challenged *and* there must be no conflicting evidence regarding venue. The first of these requirements will never be satisfied in a criminal trial, because venue is challenged *whenever* a criminal defendant pleads not guilty to an indictment's charges. The act of pleading not guilty to an indictment is considered by law to be an irrefutable challenge to all the allegations set forth therein, including those allegations pertaining to venue. Hence, when a criminal defendant pleads not guilty, he or she has challenged venue, and the State will not be permitted to invoke the exception permitting it to establish venue with mere slight evidence. Quite to the contrary, whenever a criminal defendant pleads not guilty and is put on trial, the State is placed on notice that at trial, it will be required to establish venue beyond a reasonable doubt. Therefore, by its own definition, the slight evidence exception can never be invoked after a criminal defendant pleads not guilty and is placed on trial. . . . *Henceforth, it will not be recognized in any appeal from a judgment of conviction entered after a bench or jury trial in any criminal matter.*

(Footnotes omitted; emphasis in original and supplied.) Id. at 902-903.

In this case, the State concedes that it failed to prove venue beyond a reasonable doubt. It urges this court to affirm Chandler's convictions based upon the slight evidence exception, even though the defendant pled not guilty and this case was tried.

According to the State, the first prong of the slight evidence exception was met because the defendant stipulated to the breath test results and admitted that he was driving. This argument overlooks the Supreme Court's command that the slight evidence exception cannot be recognized "in any appeal from a judgment of conviction entered after a bench or jury trial in any criminal matter." *Jones*, supra, 272 Ga. at 903. A stipulation of fact or an admission during trial cannot be used to invoke the exception "because venue is challenged *whenever* a . . . defendant pleads not guilty. . . ." (Emphasis in original.) Id. at 902.

Because the State failed to prove venue beyond a reasonable doubt and the slight evidence exception cannot be applied, we reverse Chandler's convictions. *Tunarka v. State*, 247 Ga. App. 578 (545 SE2d 15) (2001). His remaining enumerations of error are rendered moot. Id.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 20, 2001.

*Joe Morris III*, for appellant.

*Joseph J. Drolet, Solicitor, Craig E. Miller, Assistant Solicitor*, for appellee.