## A01A1581. STOVER v. THE STATE.
(554 SE2d 221)

JOHNSON, Presiding Judge.

After a jury trial, Thomas Stover was convicted of criminal trespass and acquitted of simple battery. He appeals from the conviction, contending that the state failed to prove venue beyond a reasonable doubt. We agree and reverse.

Venue is an essential element of a crime, and the state has the burden of proving venue beyond a reasonable doubt whenever a criminal defendant pleads not guilty.[1] In this case, Stover pled not guilty to both charges, thereby challenging all of the allegations contained in the accusations, including those pertaining to venue. Yet, *as the state concedes,* when the case was tried, venue was not proven. Therefore, the conviction must be reversed.[2]

The state urges, however, that reversal is not warranted because Stover apparently changed his plea from not guilty to guilty when he admitted at trial that he was "guilty of kicking out the headlight" of the victim's car (the act underlying the criminal trespass charge in the accusation). Stover's admission during the trial, which came, incidentally, after the state rested, does not require that we affirm the judgment of conviction.

"[W]hen a criminal defendant pleads not guilty, he or she has

---

[1] *Jones v. State*, 272 Ga. 900, 902 (2) (537 SE2d 80) (2000); *Bradley v. State*, 272 Ga. 740, 741 (2) (533 SE2d 727) (2000).

[2] See *Jones,* supra; *Bradley,* supra.

challenged venue," and the state is put on notice that it will be required to establish venue beyond a reasonable doubt at trial.[3] And "because venue is challenged *whenever* a criminal defendant pleads not guilty," a stipulation of fact or an admission during trial does not vitiate the state's duty to prove venue beyond a reasonable doubt.[4] In light of Stover's not guilty plea, the state had a duty to prove venue, regardless of any admission Stover made during the trial.

The state also argues that its failure to prove venue is harmless error since Stover will likely be convicted upon retrial, given the fact that his in-court admission can be used against him in a new trial. First, we will not affirm Stover's conviction based on the possibility that he may be found guilty after a second trial.[5] Indeed, our appellate courts have reversed convictions and ordered new trials based on the state's failure to prove venue, regardless of whether the evidence was otherwise sufficient to support the convictions.[6]

Secondly, the state's omission cannot be considered harmless. Venue is a jurisdictional matter and is an essential element in proving that a person is guilty of the crime charged.[7] The state must come forth in all criminal prosecutions with evidence to show beyond a reasonable doubt that venue is properly laid;[8] its failure to do so renders the verdict contrary to law and warrants reversal.[9]

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 15, 2001.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*L. Jack Kirby, Solicitor-General, Julian A. Mack, Assistant Solicitor-General*, for appellee.

---

[3] *Jones*, supra at 902-903 (2); *Tunarka v. State*, 247 Ga. App. 578, 579 (545 SE2d 15) (2001).

[4] (Citation omitted; emphasis in original.) *Chandler v. State*, 248 Ga. App. 154, 155 (546 SE2d 296) (2001).

[5] See *Jones*, supra at 904 (4) (holding that a failure to properly establish venue does not bar retrial, since evidence of venue does not go to the guilt or innocence of the accused and so does not invoke double jeopardy concerns).

[6] See id. at 901-902 (1), (2) (evidence was sufficient to support conviction, but judgment reversed based on absence of proof of venue); *Bradley*, supra at 741 (1), (2) (evidence was sufficient to support verdict, but lack of proof of venue demands reversal); *Chandler*, supra at 156 (issue of evidence sufficiency is moot where venue was not proven).

[7] *Jones*, supra at 901 (2).

[8] Id. at 903 (2).

[9] Id. at 901-902 (2).