*Bovis, Kyle & Burch, Stuart S. Busby, John H. Peavy, Jr.,* for appellees.

## A01A1287. SANDERS v. THE STATE.
### (556 SE2d 505)

BLACKBURN, Chief Judge.

William Virgil Sanders III appeals his conviction for possession of marijuana, contending that (1) the trial court erred by failing to suppress evidence obtained pursuant to a search warrant and (2) the State failed to establish that venue was proper in Fayette County. For the reasons set forth below, we affirm.

1. We first address Sanders' contention that the trial court erred in failing to suppress that evidence obtained pursuant to a search warrant. "This court's responsibility in reviewing a trial court's ruling on a motion to suppress is to assure there was a substantial basis for the decision, and the evidence is construed to uphold the findings and judgment of the trial court." *Claire v. State.*[1] So viewing the record, the evidence shows that a magistrate judge found probable cause to issue a warrant to search Sanders' residence based upon the averments of a Fayette County police officer. The officer was familiar with Sanders from previous narcotics investigations and from an incident in 1995 in which Sanders was arrested for possession of three ounces of marijuana. In the affidavit, the officer swore that the described incident occurred in Fayette County, Georgia, and that he:

> was contacted by a confidential reliable informant[ ]. [The informant] stated that within the past seventy-two hours [he] had seen a quantity of marijuana within the residence of Billy Sanders located at 650 East Lanier Ave. Fayetteville, Ga. [The informant] further stated that [he] had seen Billy in possession of a handgun. [The informant] is familiar with marijuana in its various forms and has been responsible for the arrest and seizure of numerous persons and narcotics in the past.

Sanders contends that the magistrate was unable to determine whether probable cause existed because (1) the affidavit failed to set forth sufficient facts upon which the magistrate could determine the reliability of the informant and information he provided, (2) the informant/information was, in fact, not reliable as evidenced by fac-

---

[1] *Claire v. State,* 247 Ga. App. 648 (544 SE2d 537) (2001).

tual inaccuracies, and (3) the information provided by the informant was not sufficiently corroborated.

A magistrate's finding of probable cause is reviewed under the "totality of the circumstances" test enunciated in *Illinois v. Gates*,[2] which provides that:

> the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Citations and punctuation omitted.) *Munson v. State*.[3] See *Claire*, supra at 648-649. For a magistrate to properly determine the veracity and reliability of the informant and his hearsay information:

> The type of information which should be furnished to the magistrate . . . is: (1) the type of information previously supplied by the informant, (2) the use to which the information was put, and (3) the elapsed time since the information was furnished. And it is not necessary for all three of the factors to be shown as long as the magistrate has sufficient information to make an independent analysis.

(Footnotes omitted.) *Claire*, supra at 649, citing *Mitchell v. State*.[4]

The affidavit examined by the magistrate here set forth sufficient facts upon which the magistrate could determine the reliability of the informant and his/her information. The same type of information had previously been supplied by the informant and had led to the seizures of other contraband and arrests of other offenders. In addition, the informant was familiar with marijuana in its various forms. Furthermore, the informant contacted the officer and informed him that the informant personally saw marijuana in Sanders' residence[5] within the past 72 hours, and the affidavit was pre-

---

[2] *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983).

[3] *Munson v. State*, 211 Ga. App. 80, 81 (438 SE2d 123) (1993).

[4] *Mitchell v. State*, 239 Ga. App. 735, 736 (1) (521 SE2d 873) (1999).

[5] Contrary to Sanders' argument that the affidavit did not provide that the information came from "personal knowledge," the informant's statement that he/she actually saw the marijuana is sufficient to establish his/her personal knowledge. In addition, the informant's direct contact with the officer is sufficient to establish the officer's personal knowledge of what the informant stated.

pared and reviewed by the magistrate on the following day. The affidavit was sufficient. See, e.g., *Crawford v. State*[6] (affidavit sufficient where it provided that informant had been used eight to ten times in the past, his information had led to other arrests and was proven to be reliable in the past, and the informant stated that he had seen contraband in the defendants' residence); *Bowe v. State*[7] (affidavit sufficient where it provided that informant had provided truthful information in the past which led to seizure of controlled substances and the arrest of individuals, and that the informant saw defendant in possession of controlled substances within forty-eight hours).[8]

Furthermore, there is no merit to Sanders' contention that the veracity and reliability of the information were called into question by the informant's statements that Sanders possessed a handgun and that there was a "quantity" of marijuana in the house (although the actual search revealed a quantity of less than one ounce). With respect to the handgun, there is no *record* evidence that the gun was *not* in Sanders' possession when the informant was at his residence. The only mention of this issue is contained in Sanders' counsels' acknowledgment that Sanders had indeed had a gun in the house, but had pawned the gun "two to three weeks" prior to the search. Since the informant was in Sanders' residence nine days prior to the search, an interpretation that most strongly supports the ruling of the magistrate as to the existence of probable cause is that Sanders was still in possession of the gun when the informant was at his residence,[9] but in any event, such conflicts in evidence and the credibility of witnesses are for the jury to resolve.

Similarly, the informant's statement that he saw a "quantity" of marijuana is not contradicted by the amount actually found later

[6] *Crawford v. State*, 233 Ga. App. 323, 327 (4) (504 SE2d 19) (1998).

[7] *Bowe v. State*, 201 Ga. App. 127, 130 (3) (410 SE2d 765) (1991).

[8] Sanders cites no authority to support his contention that an affidavit is insufficient if it does not provide (1) information regarding payments made to the informant, (2) the informant's motivation for volunteering the information, and (3) whether the informant has provided *incorrect* information in the past. Furthermore, in *State v. Brown*, 186 Ga. App. 155, 157 (2) (366 SE2d 816) (1988), the criminal background of the individual providing the information was deemed necessary to show whether the individual was indeed a "concerned citizen" informant. This case is distinguishable from *Brown* because it does not involve a "concerned citizen" informant, but rather, a veteran informant who had familiarity with the particular contraband at issue and had provided information leading to the arrest of several individuals in the past. The criminal history of the informant is not necessary where these other reliability factors are present.

[9] "If an appellate court finds that an affidavit is susceptible to two or more reasonable factual interpretations, it should, in deference to the magistrate's determination, adopt that interpretation [that] most strongly supports the ruling of the magistrate as to the existence of probable cause." (Citations and emphasis omitted.) *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893) (1989), disapproved on other grounds, *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996).

upon the execution of the search warrant. The informant was at Sanders' residence nine days prior to the actual search. The interpretation that most strongly supports the issuance of the warrant is that Sanders had more marijuana in his residence when the informant was there. Sanders does not show that the outcome would have been any different if the informant stated that he saw "marijuana," rather than a "quantity of marijuana." See *Dorminey v. State*[10] ("Even if the statements alleged to have been embellished are 'excised from the affidavit, the remaining information is sufficient to show probable cause; therefore, the search warrant is valid.' ") (citation omitted).

Finally, Sanders argues that the information provided by the informant was not sufficiently corroborated. "Under a 'totality of the circumstances' approach, corroboration simply supplies an alternative 'basis for finding probable cause, [where there are] deficiencies in the showing of the informant's veracity, reliability, or basis of knowledge.' " (Citation omitted.) *Crawford*, supra at 327 (4). Here, because the informant's veracity, reliability, and basis of knowledge were sufficiently established, corroboration was not required.

Accordingly, the affidavit sufficiently established probable cause to search Sanders' residence, and the trial court did not err in denying Sanders' motion to suppress.

2. We next address Sanders' contention that the State failed to prove that venue was proper in Fayette County, Georgia. In response, the State maintains that in this bench trial, Sanders stipulated to all the elements to support his conviction, including venue, and sought to preserve only the issue of whether probable cause existed to issue a search warrant. The State argues that Sanders had therefore waived his right to raise this issue on appeal.

By entering a not guilty plea on February 27, 1999, Sanders challenged venue. "The act of pleading not guilty to an indictment is considered by law to be an irrefutable challenge to all the allegations set forth therein, including those allegations pertaining to venue." *Jones v. State*.[11] The State was thereafter required to prove venue beyond a reasonable doubt under *Jackson v. Virginia*.[12]

> Once the burden is placed upon the State to establish venue beyond a reasonable doubt, the burden never shifts to the defendant to disprove venue, as it is axiomatic that the evidentiary burden in a criminal prosecution is "upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a

[10] *Dorminey v. State*, 205 Ga. App. 806, 807 (1) (423 SE2d 698) (1992).
[11] *Jones v. State*, 272 Ga. 900, 902-903 (2) (537 SE2d 80) (2000).
[12] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

reasonable doubt." The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence.

(Footnote omitted.) *Jones*, supra. See also *Tunarka v. State*.[13]

Sanders was convicted at a stipulated bench trial following his plea of not guilty. In Case No. A01A0764, Sanders initially appealed the trial court's denial of his motion to suppress based on a lack of probable cause to issue the warrant. As the warrant and supporting affidavit were not a part of the trial record, the case was remanded at Sanders' request, until such time as the record was complete.[14] A hearing was held on Sanders' motion to perfect record, and the present appeal followed that proceeding. The venue issue was raised for the first time in this appeal.

Sanders contends that the State failed to prove that venue was proper in Fayette County. Venue is an essential element of the crime charged, which the State was required to prove, absent a stipulation thereto. The State argues that the case had been tried by stipulation, and that Sanders had stipulated to all the facts required to support the elements required for conviction, including venue. The State contends that the only issue that Sanders sought to preserve for appeal was whether probable cause existed to issue the search warrant, the execution of which resulted in the subject charges.

"Parties may agree to stipulate to facts in criminal and civil cases. Stipulation should be in writing or made on the record." (Footnote omitted.) Milich, Ga. Rules of Evidence (1995), p. 29. See *In re Glenn*[15] (in criminal cases, the court should not accept a stipulation as to a material fact without a showing that it was authorized by the accused himself). In *Tribble v. State*,[16] this court held that "The contention that a defendant cannot be convicted on a stipulation of facts agreed to and executed by him is not well taken. Under [OCGA § 24-4-24], a solemn admission in judicio is, at least until withdrawn after notice, conclusively binding upon the parties thereto." Stipulated bench trials are an efficient way to reduce the expense of litigation and to reduce the time involved in resolving cases and are routinely utilized. See, e.g., *Barnett v. State*;[17] *Smith v. State*;[18] *Edgerton v.*

---

[13] *Tunarka v. State*, 247 Ga. App. 578, 579 (545 SE2d 15) (2001).

[14] We also note that in his motion to remand his original appeal, Sanders stated unequivocally that "the basis of Appellant's appeal is the denial of his motion to suppress, which was based on an improper search warrant and associated affidavit."

[15] *In re Glenn*, 200 Ga. App. 276 (407 SE2d 428) (1991).

[16] *Tribble v. State*, 89 Ga. App. 593, 598 (3) (80 SE2d 711) (1954).

[17] *Barnett v. State*, 245 Ga. App. 717 (538 SE2d 812) (2000).

[18] *Smith v. State*, 238 Ga. App. 558 (519 SE2d 474) (1999).

*State*;[19] *Miller v. State*;[20] *Furfano v. State.*[21] Defendants often stipulate to bench trials, appealing only the issue of the trial court's refusal to suppress evidence. See *Richards v. State.*[22]

We have rejected defendants' attempts to appeal stipulated issues after bench trials. In *Scott v. State,*[23] the defendant, on appeal from his conviction, raised both the issue of the trial court's denial of the motion to suppress, the issue sought to be preserved, and the sufficiency of the evidence, an issue precluded by the stipulation. We concluded that defense counsel, through his conduct and representations to the court concerning the stipulated bench trial, had misled the court and the solicitor. In *Scott,* counsel for the defendant did not refute the State's characterization of defendant's desire to preserve only the question of the denial of her motion to suppress when asked specifically if she wished to do so. This court stated that:

> It is obvious from a review of the record that the defense attorney led both the trial judge and the prosecuting attorney to think that the only issue contested by the defendant was whether the evidence, obtained by the search of defendant, should be suppressed. The defense attorney made it clear to both the prosecuting attorney and the trial judge that her main goal in defending this case was to preserve for appeal the denial of defendant's motion to suppress. Defense counsel led the trial court to believe she conceded that the State had otherwise met its burden of proof. Defendant thus waived his right to challenge the sufficiency of the evidence of the elements of the crimes charged.

Id. at 163 (1).

A review of the transcript of the February 24, 2000 bench trial does not contain a detailed stipulation agreement in this case. Much of what occurred in arriving at a stipulation occurred in chambers or was not otherwise reported in this misdemeanor case. There is clearly much that occurred that is not contained in the transcript of the February 24, 2000 bench trial. The transcript is simply a recitation by the solicitor-general of the facts relevant to the search and the crime committed. At one point, the court inquired of defense counsel if he was preserving his objection to the introduction of that evidence from the previous motion to suppress, to which counsel

---

[19] *Edgerton v. State*, 237 Ga. App. 786 (516 SE2d 830) (1999).
[20] *Miller v. State*, 221 Ga. App. 494 (471 SE2d 565) (1996).
[21] *Furfano v. State*, 212 Ga. App. 472 (442 SE2d 305) (1994).
[22] *Richards v. State*, 269 Ga. 483, 485, n. 5 (500 SE2d 581) (1998).
[23] *Scott v. State*, 201 Ga. App. 162 (1) (410 SE2d 362) (1991).

responded, "that's correct." There then followed a discussion of the State's negotiated sentencing recommendation in which defense counsel participated. The court clearly understood that the case was to be appealed when he made a comment to the defendant relevant to probation requirements, "But if your conviction is overturned on appeal, that will not be necessary." The clerk made reference to defense counsel providing probation with a copy of a notice of appeal. Sanders was present, and neither he nor his attorney objected to the above proceeding and each participated in same.

Because Sanders could not go forward with his original appeal based on the insufficiency of the affidavit and the search warrant because they had not been introduced at the bench trial and were not a part of the record, he filed a motion to remand the case for perfection of the record, which was granted. His motion to perfect the record was heard by the trial court on February 1, 2001.

It is obvious from a review of the transcript of the February 1, 2001 hearing that Sanders and his attorneys led the court, as well as the State, to continue to understand that the only contested issue there had been at trial was whether the evidence should be suppressed. The facts here are even more compelling than those in *Scott.* Here, the record reveals that Sanders agreed that (1) the elements of the offense had been proven, (2) in the trial of the case, the court properly considered the facts contained in the affidavit in support of the search warrant by stipulation, including venue in Fayette County, and (3) the *only* issue he wished to preserve for appeal was that of the sufficiency of the warrant affidavit to establish probable cause.

Defense trial counsel stated, "we stipulated to the facts in court, but preserved the right to go back up on the search warrant issue. So I think we're where we want to be as far as the defense's right to litigate the legitimacy of the search warrant." Defense appellate counsel, when asked by the trial court if she had anything to add, stated:

> In trying to take this up on appeal, I have discovered there was nothing put in the record as to the conference in chambers and that the parties agreed that the search warrant and affidavit would be reviewed by the Court. The search warrant nor the affidavit were placed into the record [sic]. So we don't have a record of what the Court actually reviewed so that the appellate court can review it. I am just trying to get the record back to what transpired so that the appellate court can review what the trial court did.

The trial court then stated:

> The record shall reflect that there were pretrial conferences concerning this case. It was represented that the chief defense was to the sufficiency or the legality of the search warrant. I examined that, and I denied the motion to suppress on those grounds. It having been represented that this issue would be dispositive of the case, I granted a certificate of immediate review, which was denied by the Court of Appeals. To expedite the matter and to also preserve that one issue of appeal, the parties agreed to [sic] stipulated bench trial where all the elements of the offense would be stipulated, but the defense would be allowed to appeal the search warrant and search warrant affidavit which had already been examined by the court in chambers with the consent of both parties. For that reason it was the intent of the parties and the court that the search warrant and the search warrant affidavit be made a part of the record. I think it was considered by all at that time that it would be. It was also relied upon by the court by stipulation that those elements would be considered, along with the proper factual statement, thereby also providing a factual basis for venue.

Transcript, Motion to Perfect Record Hearing, February 1, 2001.

The trial court then supplemented the original trial record with a copy of the affidavit and search warrant. A review of the search warrant affidavit indicates that the criminal violations occurred at 650 East Lanier Avenue, Fayetteville, Fayette County, Georgia.

At the conclusion of the hearing, the State asked: "Judge, is it your understanding that as part of the record that the only issue they were preserving for appeal was the validity of the search warrant and the affidavit?" After the court answered in the affirmative, Sanders' counsel simply said, "thank you," and the proceedings were concluded. It is clear that Sanders stipulated to all elements of the offense, including venue, stipulated to the trial court's acceptance of the facts contained in the affidavit as true, and stipulated that the only issue he was preserving was that of the sufficiency of the affidavit to establish probable cause. Sanders therefore knowingly waived his right to raise the issue of venue on appeal. Even had Sanders not waived his right to raise the venue issue on appeal, the trial court did not err in determining that the State had proven that venue was in Fayette County in this case.

We note that Sanders' stipulations were conditioned upon our affirmance with respect to the motion to suppress. Had we found that the trial court improperly suppressed the evidence obtained during a

search of Sanders' residence, Sanders' stipulations would not have been considered in the determination of his guilt. See *Richards*, supra.

Sanders' reliance on *Tunarka*, supra, is misplaced. *Tunarka* did not address the issue of stipulations in connection with a bench trial. It simply affirmed the fact that where the defendant pleads not guilty, he challenges venue and the State must prove that element beyond a reasonable doubt. Furthermore, Sanders' reliance upon *Chandler v. State*[24] is misplaced, as that case addressed the application of the "slight evidence" rule, which our Supreme Court disallowed in *Jones*, supra.

Accordingly, the trial court did not err in denying Sanders' motion to suppress or in determining that the State had established that venue was proper in Fayette County.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 14, 2001 —
RECONSIDERATION DENIED NOVEMBER 29, 2001.

*Patricia A. Buttaro*, for appellant.
*Steven L. Harris, Solicitor-General*, for appellee.

