## A03A0619. DOWLING v. THE STATE.
### (581 SE2d 262)

MIKELL, Judge.

David Allan Dowling appeals the denial of his pro se motion to vacate null and void convictions and sentences. We affirm the judgment of the trial court.

Dowling was indicted on five counts of aggravated child molesta-

---

tion, fourteen counts of child molestation, two counts of rape, and one count of aggravated sodomy. Pursuant to a negotiated plea agreement, Dowling pleaded guilty to four counts of aggravated child molestation, six counts of child molestation, two counts of rape, and one count of aggravated sodomy. The remaining counts of the indictment were nolle prossed. The trial court sentenced Dowling to a total of 60 years, with 40 to be served in confinement and the remaining 20 on probation.

Dowling, who is pursuing the present appeal pro se, filed a motion for nonconsideration of appellee's brief, in which he contends that the state failed to file its brief within the time required by law. This motion is without merit. Court of Appeals Rule 26 (b) requires that an appellee's brief be filed within 40 days after the appeal is docketed or 20 days after the filing of the appellant's brief, whichever is later. In this case, the appeal was docketed on November 15, 2002. Dowling's brief was filed on December 2, 2002, and the state's brief was filed well within the prescribed time on December 23, 2002. Accordingly, Dowling's motion for nonconsideration of the state's brief is hereby denied.

In the single error enumerated on appeal, Dowling alleges that his conviction and sentence are null and void because the grand jury that indicted him was unconstitutionally selected, the state failed to prove venue, the judge who sentenced him was improperly designated as a superior court judge, and his trial counsel was ineffective. However, he fails to provide a single citation to the record in support of his argument. Our Rule 27 (c) (3) (i) mandates that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration."

Our brief review of the record reveals that it contains no evidence relating to the composition and selection of the grand jury or the procedure by which the magistrate judge who sentenced Dowling was designated as a superior court judge. Further, there is nothing in the record to establish that defense counsel was ineffective or that the state was required to prove venue and failed to do so.[1] Because Dowling's arguments on appeal are based on factual assertions that are not supported by the record, they present nothing for our review. *Robinson v. State*, 200 Ga. App. 515, 516 (1) (408 SE2d 820) (1991). "[W]here the proof necessary for determination of the issues on

---

[1] "[T]he state has the burden of proving venue beyond a reasonable doubt *whenever a criminal defendant pleads not guilty*." (Citations omitted; emphasis supplied.) *Stover v. State*, 251 Ga. App. 215 (554 SE2d 221) (2001). Dowling has failed to cite any authority requiring the state to prove venue when a defendant voluntarily pleads guilty. It does not appear that Dowling has attempted to withdraw his plea.

appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm." (Punctuation and footnote omitted.) *Williams v. State*, 253 Ga. App. 10 (557 SE2d 473) (2001).

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 19, 2003 —
RECONSIDERATION DENIED MARCH 13, 2003 —

David A. Dowling, *pro se.*
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.