A04A0908. RAMSEY v. THE STATE.
(600 SE2d 399)

BLACKBURN, Presiding Judge.

Following the denial of his motion to withdraw his guilty plea for theft by receiving stolen property,[1] Stanley Ramsey appeals, contending that the trial court had an insufficient factual basis for accepting such plea, including evidence of venue, thereby violating the requirements of Uniform Superior Court Rule (USCR) 33.9.[2] For the reasons set forth below, we affirm.

The standard of review in cases such as this is well established. After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion. *Beck v. State.*[3]

Therefore, even if we assume, as Ramsey argues, that the State failed to provide the trial court with sufficient facts on which to accept his guilty plea, our inquiry does not stop at that point. Ramsey, who has already been sentenced, must also show that the trial court's

---

[1] OCGA § 16-8-7 (a).

[2] USCR 33.9 provides: "Notwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." In turn, USCR 33.12 (A) states: "After sentence is pronounced, the judge should allow the defendant to withdraw [a] plea of guilty ... whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice."

[3] *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996).

acceptance of his guilty plea caused him to suffer a manifest injustice. No such showing has been made here.

> Although before sentence is imposed the defendant has an absolute right to withdraw a guilty plea, see OCGA § 17-7-93, the harsher standard applicable to attempts to attack a guilty plea after sentence has been justified on several grounds. First, once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside. Second, at the time the sentence is imposed, other portions of the plea bargain agreement will often be performed by the prosecutor, such as the dismissal of additional charges or the return or destruction of physical evidence, all of which may be difficult to undo if the defendant later attacks his guilty plea. Finally, a higher post-sentence standard for withdrawal is required by the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea.

*State v. Evans.*[4]

With regard to the nature of a manifest injustice which might require a trial court to allow a defendant to withdraw a guilty plea, our Supreme Court has held:

> [T]he test [of whether a manifest injustice has occurred] will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.

*Evans*, supra.

In this case, Ramsey has argued only that the record contains an insufficient factual basis to support his plea, and, although he states that a manifest injustice occurred, he makes no contentions whatsoever supporting this statement. Without any argument or citations of authority to support this contention integral to the outcome of his case, Ramsey has waived his argument and his appeal must fail. See Court of Appeals Rule 27. Moreover, even if we were to consider the merits of Ramsey's argument, the record does not support a finding that he has suffered any manifest injustice. The transcript of the plea

---

[4] *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).

hearing clearly demonstrates that Ramsey was satisfied with his lawyer, that he understood all of his rights, and he was aware of the nature of the charges against him and the possible sentence he faced. Under these circumstances, we cannot say that Ramsey has suffered any manifest injustice requiring the trial court to allow him to withdraw his guilty plea.

And Ramsey's argument that the State failed to provide any evidence of venue along with the other substantive facts at the plea hearing does not alter this result. See, e.g., *Dowling v. State.*[5] Unlike the substantive facts underlying a crime, venue is a jurisdictional fact, the presence or absence of which may be waived. "[A] knowing and voluntary plea of guilty acts as a waiver of all defenses, known and unknown." *Brown v. State.*[6] Such waiver of all defenses would include venue. *Mallory v. State.*[7] See also OCGA § 17-2-4 (defendant wishing to plead guilty may waive venue). Here, the only evidence before us shows that Ramsey knowingly and voluntarily chose to plead guilty to theft by receiving stolen property, and, as such, he waived any contention that venue did not lie. Finally, we must note that this case is wholly distinguishable from those in which the defendant pleads not guilty prior to going to trial. See, e.g., *Stover v. State.*[8]

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MAY 17, 2004.

*Patrick C. Kaufman*, for appellant.
*Stephen D. Kelley, District Attorney, Gregory C. Perry, Assistant District Attorney*, for appellee.

---

[5] *Dowling v. State*, 260 Ga. App. 211, 212, n. 1 (581 SE2d 262) (2003).
[6] *Brown v. State*, 261 Ga. App. 448, 449 (2) (582 SE2d 588) (2003).
[7] *Mallory v. State*, 225 Ga. App. 418, 421 (3) (483 SE2d 907) (1997).
[8] *Stover v. State*, 251 Ga. App. 215 (554 SE2d 221) (2001).