## A08A2126. DIXON v. THE STATE.
### (675 SE2d 500)

JOHNSON, Presiding Judge.

A jury found Andrew Dixon, Jr., guilty of two counts of armed robbery.[1] Dixon appeals, claiming that, among other things, the evidence was insufficient to sustain his convictions and that the trial court erred in failing to charge the jury as to the lesser included offense of theft by taking. Because we agree that Dixon was entitled to a charge on theft by taking and find that the trial court's error in failing to properly charge the jury was not harmless, we are constrained to reverse Dixon's conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[2] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the charged offenses.[3]

So viewed, the record shows that at approximately 12:30 a.m. on July 28, 2002, the victim was at a car wash in DeKalb County when he was approached by a man he later identified as Dixon. The man asked the victim if he had change for a five dollar bill, and the victim told him he did not. A few minutes later, the man approached the victim again, pointed a pistol at him, and demanded his truck. After the victim replied that the keys were in the ignition, the man told an accomplice to start the truck and demanded that the victim empty

---

[1] The trial court merged the two counts for sentencing purposes.

[2] *Johnson v. State*, 279 Ga. App. 153, 154 (630 SE2d 661) (2006).

[3] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (99 SC 2781, 61 LE2d 560) (1979).

his pockets. The victim pulled out his wallet, a pocketknife, and an unopened pack of Newport cigarettes, and he threw each of those items on the ground. The man picked up the items, got into the victim's truck, and fled with his accomplice.

Less than two hours later, a police officer located the victim's truck in front of an apartment complex. Dixon was seated in the driver's seat of the truck with the victim's cell phone charger draped around his neck. Dixon also had an opened pack of Newport cigarettes on his person, but the victim's wallet and pocketknife were not recovered. The victim identified Dixon in a photographic lineup the day after the robbery and in person at a preliminary hearing and at trial.

Dixon testified on his own behalf. He claimed that at 11:30 on the night of the robbery, his cousin Diamond Mardell was driving him to Jonesboro so that he could visit his children. Mardell, however, decided he did not want to drive Dixon all the way to the house where the children lived, and he dropped Dixon off several miles away. According to Dixon, as he walked toward his destination, he stopped at a gas station to buy a pack of Newport cigarettes and saw an unoccupied truck in the parking lot with its engine running. Dixon testified that he drove off in the truck and, after having second thoughts about taking it, parked it less than a mile away in the parking lot of an apartment complex. He claimed that less than 30 seconds later, a police officer approached the car and took him into custody.

At trial, Dixon's counsel requested that the jury be charged on the lesser included offense of theft by taking. The trial court refused to provide such a charge because the only evidence of theft by taking indicated that Dixon took the truck outside a gas station in Clayton County, not in DeKalb County where Dixon was being tried. After initially notifying the trial court that it was deadlocked, the jury found Dixon guilty of two counts of armed robbery.

1. Dixon first claims that the evidence was insufficient to sustain his convictions. It is the function of the jury, however, to determine the credibility of witnesses and weigh any conflict in the evidence, and the testimony of a single witness is generally sufficient to establish a fact.[4] As a result, the testimony of the victim alone provided sufficient evidence for the jury to convict Dixon of armed robbery.

2. Dixon also argues that the trial court erred in refusing to charge the jury as to the lesser included offense of theft by taking. We agree.

---

[4] OCGA § 24-4-8; *Dixon v. State*, 285 Ga. App. 211, 212 (1) (645 SE2d 692) (2007).

It is well settled that "[w]here a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense."[5] While the trial court was properly concerned that no evidence was presented showing that Dixon committed the lesser offense in DeKalb County, "[u]nlike the substantive facts underlying a crime, venue is a jurisdictional fact, the presence or absence of which may be waived."[6] Here, Dixon offered to waive proof of venue as part of his request for the jury to be charged on theft by taking.

Although Dixon's account of the events leading up to his arrest may seem unlikely, it was sufficient to cause the jury, at least temporarily, to remain deadlocked, even after hearing the victim identify Dixon as the robber. Since this Court does not weigh the credibility of witnesses, we cannot conclude that the failure to allow the jury to consider a lesser included offense was harmless error, particularly since Dixon's claim that he took the car from the gas station parking lot was his sole defense.

"While we, like the trial court or jury, might find [Dixon's testimony to be] incredible . . . [t]he failure to give the requested charge[,] which in reality formed the basis of [Dixon's] sole defense, effectively removed this issue from the jury's determination."[7] Accordingly, Dixon is entitled to a new trial and we are constrained to reverse his conviction.

*Judgment reversed. Barnes and Phipps, JJ., concur.*

DECIDED MARCH 4, 2009 —
RECONSIDERATION DENIED MARCH 19, 2009 — ▆▆▆▆▆▆

*Robert H. Citronberg, Joseph S. Habachy*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[5] *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994) (where defendant accused of armed robbery admitted he took items but claimed he did not rob while using a gun, trial court erred in failing to charge jury on lesser included offense of theft by taking).

[6] *Ramsey v. State*, 267 Ga. App. 452, 454 (600 SE2d 399) (2004).

[7] (Punctuation omitted.) *Pearson v. State*, 216 Ga. App. 333, 334-335 (454 SE2d 205) (1995).