### S09G1130. THE STATE v. DIXON.
#### (691 SE2d 207)

NAHMIAS, Justice.

A DeKalb County jury convicted Andrew Dixon, Jr., on two counts of armed robbery for stealing a truck and personal belongings from a man at a DeKalb County car wash. Dixon admitted at trial that he stole the truck but claimed he took it from a gas station in Clayton County. He requested that the trial court instruct the jury on the lesser included offense of theft by taking. The trial court refused, noting that a DeKalb County jury could not convict him of a theft by taking that took place entirely in Clayton County. The Court of Appeals reversed. See *Dixon v. State*, 296 Ga. App. 716 (675 SE2d 500) (2009). We granted the State's petition for certiorari, and we now hold that the trial court properly declined to instruct the jury on a lesser included offense when there was no evidence the included crime was committed in the county in which the defendant was being tried. We therefore reverse the Court of Appeals' decision to the contrary.

1. At 12:30 a.m. on July 28, 2002, John Bean was detailing his girlfriend's truck at a DeKalb County car wash. Dixon approached and asked Bean if he had change for a five-dollar bill. Bean answered no, and Dixon walked away. Dixon returned a few minutes later armed with a pistol and demanded the truck. Bean said the keys were in the ignition. Dixon ordered Bean to empty his pockets. Dixon took Bean's wallet and pocketknife and a pack of Newport cigarettes, got in the truck, and fled.

The truck was equipped with OnStar, which has GPS tracking capability. Consequently, less than two hours later, the police found Dixon seated in the driver's seat of the truck at an apartment complex in Clayton County. Bean's cell phone charger was draped around Dixon's neck, and he had an open pack of Newport cigarettes. Bean's wallet and pocketknife were not recovered. Bean identified Dixon as the armed robber in a photo lineup the following day and later in person at the preliminary hearing and at trial.

Dixon testified in his own defense. He said that he had walked to a gas station in Clayton County to buy a pack of cigarettes when he came across Bean's truck, unoccupied, with the engine running. Dixon claimed that he drove off in the truck, but after having second thoughts, he parked it at an apartment complex less than a mile away, and the police arrived 30 seconds later and arrested him. Thus, Dixon admitted that he took the vehicle, but claimed he did so in

Clayton County, not DeKalb County, and was unarmed.

Dixon was charged with two counts of armed robbery. The trial court denied his written request to instruct the jury on the lesser included offense of theft by taking. The jury convicted Dixon on both counts of armed robbery, and Dixon appealed.

The Court of Appeals reversed, holding that the trial court erred in refusing to give the requested instruction. The Court of Appeals recited the rule that " '(w)here a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.' " *Dixon*, 296 Ga. App. at 718 (quoting *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994)). The Court of Appeals noted the trial court's concern that there was no evidence that Dixon committed the lesser included offense of theft by taking in DeKalb County but found that Dixon made an offer to waive venue, thereby entitling him to the requested instruction. We granted the State's petition for certiorari and directed the parties to address the following issue:

> Whether the Court of Appeals erred in holding that the trial court was required to charge on an included offense when there was no evidence the included crime was committed in the county in which the defendant was being tried.

2. Under the Georgia Constitution of 1983, venue is a jurisdictional element of every crime. See *Jones v. State*, 272 Ga. 900, 901 (537 SE2d 80) (2000).[1] It is a "constitutional requirement," not just a "procedural nicety." *Graham v. State*, 275 Ga. 290, 292 (565 SE2d 467) (2002). When a defendant pleads not guilty, the State must prove, beyond a reasonable doubt, every element of the crime charged, including venue. See *Tompkins v. State*, 278 Ga. 857, 857 (607 SE2d 891) (2005). Failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, results in insufficiency of the evidence, and warrants reversal on appeal. See *Jones*, 272 Ga. at 901-902.

Dixon argues that the DeKalb County jury could have convicted him of a theft by taking purportedly committed in Clayton County, because he validly waived venue for such a charge. He concedes that without a venue waiver, he could not be convicted by a DeKalb County jury of theft by taking under his version of events, because no

[1] See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI ("[A]ll criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury cannot be obtained in such county."). See also OCGA § 17-2-2 (a) ("Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law.").

part of that purported crime was committed in DeKalb County. As the State points out, Dixon certainly was not entitled to a jury instruction on a crime the jury could not constitutionally convict him of committing. See *Spaziano v. Florida*, 468 U. S. 447, 454-456 (104 SC 3154, 82 LE2d 340) (1984) (precedent on lesser included offenses "does not require that the jury be tricked into believing that it has a choice of crimes for which to find the defendant guilty, if in reality there is no choice").

A criminal defendant may waive jurisdictional defenses, see *Ramsey v. State*, 267 Ga. App. 452, 453 (600 SE2d 399) (2004), and may expressly authorize factual stipulations that will obviate the need for proof, see *Thompson v. State*, 277 Ga. 102, 103-104 (586 SE2d 231) (2003). But the defendant cannot generally do so over the State's objection. See *Ross v. State*, 279 Ga. 365, 367 (614 SE2d 31) (2005). As the United States Supreme Court has explained, "the familiar, standard rule [is] that the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief v. United States*, 519 U. S. 172, 186-187 (117 SC 644, 136 LE2d 574) (1997). In other words, "[a] defendant cannot undermine the credibility of the State's story by selectively admitting certain incriminating evidence to prevent the jury from receiving that evidence." *Ross*, 279 Ga. at 367. In accordance with this principle, OCGA § 17-2-4 (b) authorizes a defendant arrested, held, or present in one county to waive venue and trial on a complaint or arrest warrant from another county, but only when "plead[ing] guilty, guilty but mentally ill, guilty but mentally retarded, or nolo contendere," and "subject to the approval of the prosecuting attorney for each county."

We have approved only one categorical exception to this rule — stipulation to a prior conviction whose nature is likely to inflame the passions of the jury and raise the risk of conviction based on improper considerations, when the sole purpose behind its introduction is to prove the defendant's status as a convicted felon. See *Ross*, 279 Ga. at 366-368. Accord *Old Chief*, 519 U. S. at 190-192. This exception rests on the "peculiarities of the element of felony-convict status and of admissions and the like when used to prove it." *Old Chief*, 519 U. S. at 191. Venue does not share these peculiarities. Venue in one county as opposed to another is not the type of issue that is "likely to inflame the passions of the jury" and "raise the risk of a conviction based on improper considerations." *Ross*, 279 Ga. at 368.

Accordingly, venue is not a fact to which the State is required to stipulate whenever the defendant wishes to do so, particularly

where, as here, the State disbelieves the defendant's account of that fact. Stipulations and waivers of jurisdictional defenses streamline a proceeding where both parties agree on a fact, making further proof unnecessary. Stipulations and jurisdictional waivers are not a means of forcing an opposing party to agree to facts it believes are not true and would mislead the factfinder. Nor does Dixon cite any authority requiring a court to accept a stipulation or jurisdictional waiver that the court believes is not truthful. If the facts are disputed, the parties' competing evidence and arguments can be presented to the factfinder to resolve as occurred here.[2]

Thus, in this case, the State was unwilling to allow the defendant to waive venue or stipulate that what occurred was a theft by taking that happened entirely in Clayton County. Nevertheless, Dixon was entirely free to present evidence and argue to the jury — as he did — that while he was guilty of committing theft by taking in Clayton County, he was not guilty of armed robbery in DeKalb County. Counsel for both sides agreed at oral argument that a jury instruction on theft by taking was not a prerequisite to his being able to make this argument to the jury. What Dixon could not do is require the State to agree that he committed theft by taking in Clayton County, or require the trial court to instruct the jury on a lesser included offense over which the court lacked venue.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 15, 2010.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellant.
*Robert H. Citronberg, Joseph S. Habachy*, for appellee.

---

[2] *Keeble v. United States*, 412 U. S. 205 (93 SC 1993, 36 LE2d 844) (1973), does not support Dixon's position. *Keeble* involved a statute that extended federal jurisdiction to some crimes committed by Indians on Indian land, while leaving more minor offenses within the exclusive jurisdiction of the tribal courts. Id. at 205-206 & n. 2. The Supreme Court reversed the district court's refusal to give a lesser included offense instruction but expressly rested its holding on statutory rather than constitutional grounds. Id. at 213-214.