PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Millette, JJ., and Carrico, S.J.

UNITED LEASING CORPORATION

                                        OPINION BY
v.   Record No. 090254     JUSTICE LEROY F. MILLETTE, JR.
                                  February 25, 2010
THE LEHNER FAMILY BUSINESS TRUST

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge

In this appeal, we consider whether a defendant preserved an objection made in a motion to strike at the conclusion of the plaintiff's evidence, when the defendant moved to renew its motion to strike at the conclusion of the trial. We hold that the defendant failed to preserve its argument regarding the validity of an assignment of a breach of contract claim to the plaintiff, because the defendant failed to state its renewed objection with reasonable certainty.

### BACKGROUND

This case involves a breach of contract action filed by the plaintiff, the Lehner Family Business Trust (the Trust), against the defendant, United Leasing Corporation (United Leasing), pursuant to a purported assignment of the cause of action to the Trust. Following a trial by jury, the circuit court entered judgment on the jury's verdict in favor of the Trust for $1.1 million.

We will include a limited recitation of the facts as our decision in this case rests on procedural grounds. As certain facts are in dispute, we apply well-settled principles of appellate review and view the evidence in the light most favorable to the Trust, which has in its favor a jury verdict confirmed by the trial judge. Dunn Construction Co., Inc. v. Cloney, 278 Va. 260, 266, 682 S.E.2d 943, 946 (2009); Williams v. Dominion Technology Partners, L.L.C., 265 Va. 280, 283, 576 S.E.2d 752, 753 (2003).

Brothers Aurelio and Hugo V. Garcia founded a trash removal business called Garcia's, Inc. (Garcia's). Prior to the dissolution of Garcia's, Hugo Garcia (Hugo) served as president and director.

Garcia's leased trucks and trash containers from United Leasing under a series of equipment leases and pledged various assets as security. As additional security, United Leasing required the execution of a "Stock Pledge Agreement," pledging the brothers' stock in Garcia's as collateral and authorizing United Leasing to vote the brothers' shares in the event the company defaulted on the leases. The "Stock Pledge Agreement" named Hugo as a "director" of Garcia's.

United Leasing declared Garcia's in default and began to liquidate Garcia's assets, stating that it was foreclosing upon

2

security for the equipment leases.  United Leasing assumed control of Garcia's and Garcia's was defunct by June 2002.

James C. Lehner (Lehner), a former employee of United Leasing, formed the Trust in 2005, and shortly thereafter, Lehner offered Hugo $50,000 to assign all claims against United Leasing to the Trust.  Hugo executed the requested assignment, which assigned all of the legal claims, rights, and causes of action that Garcia's, "a Virginia corporation in dissolution," and Hugo, "individually and as trustee in liquidation for Garcia's, Inc." had under the equipment leases with United Leasing and otherwise.

The Trust sued United Leasing for breach of contract[1], claiming that "[b]y assignment . . . , the Trust acquired all of Garcia's claims, causes of action, choses in action, rights of action, rights and interests against [United Leasing] . . . and all claims and rights, etc., relating to the Garcia's Leases." The Trust claimed that United Leasing failed to pay Garcia's over $1 million in surplus proceeds from the disposition of collateral held as security for the equipment leases, which amount the Trust claimed United Leasing held in constructive trust for the benefit of Garcia's.

---

[1] The complaint alleged three counts against United Leasing, arising from an alleged undistributed surplus from the disposition of Garcia's collateral.  Only the breach of contract claim is the subject of this appeal.

The trial took place over three days.  At the close of the Trust's case-in-chief on the second day, United Leasing moved to strike the Trust's evidence on two grounds:  (1) a failure to prove an assignment from Garcia's to the Trust because Hugo had relinquished any assignable rights; and (2) a failure to prove a breach of contract.  With regard to the second ground, United Leasing argued that the Trust failed to prove any damages because Garcia's debt at default was $3.1 million and after the application of any credit due, there was a deficiency of at least $1.1 million remaining owed to United Leasing.  After hearing arguments by counsel, the circuit court overruled United Leasing's motion to strike.  Concerning the validity of the assignment, the circuit court stated that there was testimony about the assignment by Hugo, and "it appears [Hugo] was a trustee at that time."

United Leasing presented evidence in its defense, including the testimony of two witnesses.  The Trust then called Lehner as a rebuttal witness, and Lehner testified that he accepted from Hugo, as trustee in liquidation and on behalf of Garcia's, an assignment of all the claims against United Leasing.  After the jury retired at the conclusion of all of the evidence, counsel for United Leasing stated, "Renew my motion to strike.  For the record, I wanted to renew my motion to strike."  United Leasing made no argument in support of its renewed motion, nor did the

4

trial judge rule on the motion at that time, as the court proceeded to review with counsel the trial exhibits and proposed instructions.

Following closing arguments and after the jury began its deliberations, the trial judge addressed counsel for United Leasing, "you want to renew your motion to strike?" Counsel for United Leasing responded: "I wanted to renew my motion to strike at the end as we had stated, stating that the plaintiff did not prove that there was a deficiency in this situation."[2] In support of its renewed motion to strike, United Leasing argued only the issue of whether the Trust proved damages. United Leasing did not make any reference to the validity of the assignment from Hugo to the Trust. The circuit court overruled

---

[2] In order to prevail on its breach of contract claim, the Trust had to prove that the sum United Leasing collected from the disposition of Garcia's collateral exceeded the sum Garcia's owed to United Leasing as a result of its default on the equipment leases. In other words, the Trust had to prove a surplus. United Leasing's position was that the debt owed by Garcia's at default exceeded the amount United Leasing collected, and therefore Garcia's was responsible for the deficiency. However, in its renewed motion to strike, United Leasing appears to refer to an alleged "deficiency" in its accounting to Garcia's for sums United Leasing collected in excess of what Garcia's owed. Regardless of what United Leasing meant when it referred to a "deficiency" in its arguments, there is no doubt that those arguments did not refer to the issue of the assignment, but only to the issue of damages. To avoid further confusion, we will hereafter refer to United Leasing's arguments pertaining to surplus and deficiency as regards to proof of damages.

the renewed motion to strike, concluding that there were factual issues to be resolved by the jury.

The jury returned a $1.1 million verdict for the Trust. United Leasing orally moved for judgment notwithstanding the verdict, which the circuit court denied. The circuit court entered judgment on the verdict. United Leasing subsequently filed a "Motion to Reconsider[,] Motion for Judgment Notwithstanding Verdict or, Alternately, Motion to Set Aside Verdict and For New Trial." The circuit court also denied United Leasing's post-trial motions. United Leasing's appeal to this Court followed.

## DISCUSSION

On appeal, United Leasing assigns error to the circuit court's denial of its motion to strike the Trust's evidence, contending that the evidence does not establish that Hugo had authority to assign Garcia's breach of contract claim to the Trust.

The Trust argues that United Leasing is procedurally barred from asserting any argument regarding the validity of the assignment, because it did not renew its motion to strike as to the validity of the assignment at the conclusion of the trial following presentation of defense and rebuttal evidence. The Trust maintains that United Leasing only renewed its motion to strike as to whether the Trust failed to prove damages, and

6

never addressed its earlier argument that Hugo lacked the authority to assign claims to the Trust. According to the Trust, United Leasing abandoned its argument regarding Hugo's authority to make an assignment.

United Leasing responds that no authority supports the Trust's position that a renewed motion to strike on previously stated grounds must be treated as a nullity unless the movant repeats arguments the circuit court has already heard. Rather, United Leasing asserts that Code § 8.01-384(A) provides that "[n]o party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court" and that arguments made at trial, unless expressly withdrawn or waived, are preserved.

Citing Helms v. Manspile, 277 Va. 1, 671 S.E.2d 127 (2009), United Leasing contends that once it informed the circuit court of its assignment argument, its objection was preserved in the absence of an affirmative showing in the record that it abandoned that objection or demonstrated by its conduct the intent to abandon the objection. Id. at 6, 671 S.E.2d at 129. United Leasing asserts that it never withdrew or abandoned Hugo's lack of authority as a ground for the motion to strike.

United Leasing further contends that the renewal of its motion was unqualified, and therefore encompassed all arguments made in support of its original motion to strike. Specifically, United Leasing maintains that

> [t]he Trust's argument turns Code § 8.01-384 on its head [and that] [t]he Trust would have this Court construe an unqualified renewal of a motion as a waiver of previously stated arguments. Rather than require an express withdrawal of an argument, such construction would affirmatively require a party to repeat arguments previously made to the trial court, in contravention of the statute's command.

We disagree with United Leasing and agree with the Trust that United Leasing failed to preserve its objection concerning the validity of the assignment. United Leasing's failure to preserve its objection is dispositive of this appeal.

We begin our analysis by restating the rule of appellate procedure that an appellate court will not review a challenge to the sufficiency of the evidence when a defendant who has chosen to introduce evidence in his or her defense, after the trial court has overruled his or her motion to strike made at the conclusion of the plaintiff's case, does not make either a motion to strike at the conclusion of all the evidence or a motion to set aside the verdict. Murillo-Rodriguez v. Commonwealth, 279 Va. 64, 72-74, ___ S.E.2d ___, ___ (2010). In those circumstances, the defendant cannot rely on a previously made motion to strike, because any challenge to the sufficiency

8

of the evidence, which includes evidence presented by the defense, will necessarily raise a new and distinct issue from the issue presented by the denied motion to strike.  Id. at 83, ___ S.E.2d at ___.

When a defendant chooses to introduce evidence in his or her defense, the defendant "demonstrates 'by his conduct the intent to abandon' the argument that the [plaintiff] failed to meet its burden through the evidence presented in its case-in-chief."  Id. (quoting Graham v. Cook, 278 Va. 233, 248, 682 S.E.2d 535, 543 (2009)).  Thus, the defendant must inform the circuit court of the grounds upon which he or she relies in making a new motion to strike so that the circuit court has the opportunity to consider the asserted grounds for the defendant's belief that the plaintiff's evidence is insufficient in light of all the evidence presented, including defense and rebuttal evidence.  The motion that United Leasing contends is a renewed motion is in reality a new motion because it addresses a different quantum of evidence.  Id. at 79-80, ___ S.E.2d at ___.

Code § 8.01-384(A) specifically states the necessity of making the court aware of the grounds for an objection at the time of the ruling.  Code § 8.01-384(A) provides, in pertinent part, that

> [f]ormal exceptions to rulings or orders of the court shall be unnecessary; . . . it shall be sufficient that a party, at the time the ruling

9

> . . . is made or sought, <u>makes known to the court
> the action which he desires the court to take or
> his objections to the action of the court and his
> grounds therefor</u>.

(Emphasis added.)  In <u>Brown v. Commonwealth</u>, 279 Va. 210, 217, ___ S.E.2d ___, ___ (2010), we reiterated that under Code § 8.01-384(A) and <u>Helms</u>, for an argument to remain preserved for appeal, the court must be aware of a litigant's legal position. In <u>Helms</u>, the circuit court was well aware of the Helms' legal position because their position was preserved in their closing argument and through a written memorandum of law submitted at the conclusion of the evidence.  277 Va. at 7, 671 S.E.2d at 129.  Likewise, in <u>Brown</u>, not only did the Commonwealth expressly argue its position, the circuit court even acknowledged that it understood the Commonwealth's position when the court articulated its ruling.  279 Va. at 218, ___ S.E.2d at ___.

Unlike in <u>Helms</u>, the procedural posture of this case involves a motion to strike at the conclusion of the plaintiff's evidence, then presentation of evidence by the defense as well as rebuttal evidence by the plaintiff, followed by a renewed motion to strike by the defense at the conclusion of the trial. United Leasing did not merely renew the motion to strike made at the conclusion of the Trust's case-in-chief, but proceeded to assert only one of the grounds originally argued.  Renewing a

10

motion to strike at the conclusion of all of the evidence in the trial required United Leasing to identify the grounds upon which that relief was sought in order for the court to be apprised of what arguments were being renewed. In making its renewed motion to strike, which was a separate and distinct motion from its original motion to strike, United Leasing failed to inform the circuit court that one of the grounds upon which it relied was the validity of the assignment. In fact, in addressing its renewed motion to strike, United Leasing focused exclusively on its argument that the Trust did not prove damages. In its renewed motion to strike, United Leasing made no mention whatsoever of its objection to the validity of the assignment.

The record contains additional support for the conclusion that the circuit court was not aware of United Leasing's objection to the validity of the assignment. In closing argument, United Leasing did not argue the assignment issue to the jury, but again focused on its contention that the Trust had not proven damages. Additionally, United Leasing's post-trial motions only refer to the monetary calculations of debits and credits associated with the dissolution of Garcia's, and no argument was made contesting the validity of the assignment. In fact, in the only section of the post-trial motions that even mentions the concept of assignment, United Leasing communicated to the trial court only its implicit acceptance of the validity

of the assignment when it referred to "the Trust, as Hugo Garcia's assignee" in its written contention that the Trust failed to prove damages.

Because United Leasing did not make a contemporaneous objection to the validity of the assignment when it renewed its motion to strike, the circuit court was not given "an opportunity to rule intelligently" on that issue. Shelton v. Commonwealth, 274 Va. 121, 126, 645 S.E.2d 914, 916 (2007). Although United Leasing asked the circuit court, at the conclusion of the Trust's evidence, to rule on the validity of the assignment, "the [circuit] court was never asked to rule on this issue based on the entire record." Murillo-Rodriguez, 279 Va. at 75, ___ S.E.2d at ___. By failing to make a motion to strike as to the validity of the assignment after United Leasing presented its evidence and the Trust introduced rebuttal evidence, United Leasing "waived [its] challenge to the sufficiency of the evidence just as if [it] 'failed to object to any other matter at trial.'" Id. (quoting White v. Commonwealth, 3 Va. App. 231, 233, 348 S.E.2d 866, 867 (1986)).

> As we have previously stated, this concept of waiver is
>
> > nothing more than a straightforward application of the contemporaneous objection rule. "The primary purpose of requiring timely and specific objections is to allow the trial court an opportunity to rule intelligently on the issues presented, thereby avoiding unnecessary appeals and reversals. . . . If a party fails to make a

12

> timely objection, the objection is waived for purposes of appeal."

Id. at 79, ___ S.E.2d at ___ (quoting Shelton, 274 Va. at 126, 645 S.E.2d at 916).

The failure of United Leasing to renew its motion to strike concerning the validity of the assignment at the conclusion of the trial deprived the circuit court of the opportunity to rule on that issue in the context of all of the evidence presented. This failure constitutes a waiver of United Leasing's right to challenge the sufficiency of the evidence on appeal.  Id. at 80, ___ S.E.2d at ___.

## CONCLUSION

United Leasing demonstrated the intent to abandon its argument regarding the validity of the assignment when it failed to clearly renew its motion to strike on that basis at the conclusion of all the evidence.  United Leasing did not satisfy the requirements of Code § 8.01-384(A), because it failed to make known to the circuit court that the validity of the assignment was grounds for its renewed motion to strike based upon all of the evidence presented at the trial.  Therefore, United Leasing cannot obtain appellate review of its assignment of error regarding an issue not preserved in the court below. Rule 5:25.

13

Accordingly, the judgment of the circuit court will be affirmed.

Affirmed.