COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and Alston
Argued by teleconference


JIMMY ROBERT SHORTER

MEMORANDUM OPINION[*] BY
v.      Record No. 0998-09-3          JUDGE ROSSIE D. ALSTON, JR.
                                   AUGUST 10, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge Designate

(David C. Smith, Assistant Public Defender; Office of the Public
Defender, on brief), for appellant.  Appellant submitting on brief.

Craig W. Stallard, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


Jimmy Robert Shorter (appellant) appeals his conviction for driving under the influence, in

violation of Code § 18.2-266.  On appeal, he argues that the evidence was insufficient to find that he

was the operator of the vehicle.  For the following reasons, we affirm.

I.  BACKGROUND[1]

When the sufficiency of the evidence is challenged on appeal, we determine whether the

evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the

reasonable inferences fairly deducible from that evidence support each and every element of the

charged offense.  See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997);

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record and because this memorandum
opinion carries no precedential value, this opinion recites only those facts and incidents of the
proceedings as are necessary to the parties' understanding of this appeal.  It is noted that the
salient facts of the matter below are gleaned from a statement of facts rather than a transcript of
the proceedings.

Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Viewed in this light, the evidence established that on February 1, 2008, Richard Campbell (Campbell) was at home when he heard a "loud bang." He looked out the window and witnessed five people get out of a car that had been involved in an accident on Route 624 in Augusta County. Three of these individuals walked across the highway to Campbell's home. Campbell's wife provided medical assistance to one of the injured individuals, and Campbell went over to the vehicle. Appellant was lying asleep in the vehicle with his "backside" under the steering wheel and his head resting on the driver's seat of the vehicle. Campbell woke appellant, who refused aid. Appellant then exited the car and, according to Campbell, "was staggering and drunk."

At approximately 9:15 p.m., the police dispatcher notified Trooper S.A. Simmons of the accident. Shortly thereafter, the trooper was dispatched to Campbell's home, which was approximately 200 yards from the accident. When Trooper Simmons arrived at the Campbell home, Campbell was holding appellant at gunpoint. The record does not provide any information as to why or how Campbell came to pull a weapon on appellant. It also does not disclose what transpired between Trooper Simmons, Campbell, and appellant upon Trooper

Simmons' arrival on the scene. Appellant concedes in his brief that he staggered away from the scene after refusing treatment from Campbell.

Eventually, appellant was taken to Augusta Medical Center for treatment, where Trooper Simmons interviewed him. Appellant admitted that he was intoxicated, stated that he had nothing to drink since the accident, and denied being the operator of the vehicle during the accident. At approximately 11:00 p.m., Trooper Simmons placed appellant under arrest for driving under the influence. A consensual blood test revealed that appellant had a blood alcohol content of 0.16. At trial, the certificate of analysis showing appellant's blood alcohol content was admitted into evidence over appellant's objection.

At trial, Tessie M. Ogden testified that she had known appellant for five years and that she was a passenger in the vehicle on February 1, 2008. She stated she and four other people were in the car that night. She further testified that the car was owned and driven by "Mr. Roosevelt Adkins" and that appellant did not drive the vehicle that night. According to Ogden, after the accident, "she helped get a Mexican man, the driver[,] and the driver's daughter out of the motor vehicle, and all four of them went to Campbell's house."

Appellant testified on his own behalf at trial. He testified "he was not driving the motor vehicle on February 1, 2008, that he was drunk [that night,] and that he did not remember anything about the accident."

In the Commonwealth's rebuttal case, Campbell "testified that he had never seen Tessie M. Ogden and had not seen the people described by her."

At the close of the Commonwealth's evidence, appellant made a motion to strike the evidence, "challenging the sufficiency of the evidence and the admissibility of the blood test." The trial court overruled appellant's motion. At the conclusion of all of the evidence, appellant renewed his motion to strike, and again, the trial court overruled his motion. The trial court

convicted appellant of driving under the influence, in violation of Code § 18.2-266. This appeal followed.

## II. ANALYSIS

### A. Procedural default

Preliminarily, the Commonwealth contends that appellant failed to preserve his appeal, pursuant to Rule 5A:18, which required that an objection be stated "together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to obtain the ends of justice." Furthermore, our Court has stated that the grounds for the objection must be "'stated with specificity.'" McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). If a party fails to timely and specifically object, he waives his argument on appeal. Arrington v. Commonwealth, 53 Va. App. 635, 642, 674 S.E.2d 554, 557 (2009). We hold that in the instant case, appellant's statement of facts, submitted pursuant to Rule 5A:8, shows that appellant timely and specifically stated his objection to the sufficiency of the evidence and properly preserved the question for appellate review.

### B. Sufficiency of the evidence

Appellant contends the evidence was insufficient to convict him of driving under the influence because the evidence was insufficient to prove that he operated the vehicle on February 1, 2008. He argues that neither Trooper Simmons nor Campbell witnessed him driving the vehicle and that both he and Ogden testified that he was not the driver of the vehicle that night. We disagree and find that the trial court did not err in its finding that appellant drove the vehicle while intoxicated.

The trial court was entitled to rely on circumstantial evidence in its determination of appellant's guilt. See Lyons v. City of Petersburg, 221 Va. 10, 13, 266 S.E.2d 880, 881 (1980).

"'Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Byers v. Commonwealth, 23 Va. App. 146, 151, 474 S.E.2d 852, 855 (1996) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)). "Where the Commonwealth's evidence as to an element of an offense is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Id. (quoting Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987)). However, the Commonwealth "'is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986)). "The hypotheses which the prosecution must reasonably exclude are those 'which flow from the evidence itself, and not from the imagination of defendant's counsel.'" Id. at 289-90, 373 S.E.2d at 338-39 (quoting Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981)).

Viewed in the light most favorable to the Commonwealth, the circumstantial evidence was sufficient to prove that appellant was the driver of the car. Immediately after Campbell heard the "loud bang," he looked out the window and saw the disabled the car. He watched five people exit the car and shortly thereafter, found appellant lying in the front seat of the vehicle. After Campbell roused appellant, appellant refused medical assistance and attempted to leave the scene of the accident.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). We may infer

from the trial court's decision that it credited the testimony of Campbell, which was competent and not inherently incredible. Furthermore, the trial court was entitled to consider appellant's attempt to flee the scene as evidence of guilt. Turman v. Commonwealth, 276 Va. 558, 564, 667 S.E.2d 767, 770 (2008) (holding that "a suspect's acts to escape, or evade detection or prosecution for criminal conduct may be evidence at a criminal trial" of the suspect's guilt).

Appellant argues on appeal that his testimony and the testimony of Ogden raises a reasonable doubt as to who drove the car that night. We disagree. Again, it is clear that the trial court credited the testimony of Campbell, who watched the passengers of the vehicle get out of the vehicle and asserted that he did not see Ogden that night. As a corollary, it is clear that the trial court discredited the testimony of Ogden, who claimed to be a passenger in the vehicle and claimed that appellant did not drive the car.

Additionally, the trial court was entitled to discount appellant's testimony that he was not driving the car that night. Appellant contradicted this testimony by averring that he did not recollect what happened on February 1, 2008. The fact finder was entitled to weigh appellant's contradictory statements, Toler v. Commonwealth, 188 Va. 774, 781, 51 S.E.2d 210, 213 (1949), and infer appellant was attempting to conceal his guilt by providing different accounts, see Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The evidence at trial established that appellant was found in the driver's seat, under the steering wheel, shortly after the accident, and he fled the scene of the accident before the police arrived. This evidence was competent, not inherently incredible, and sufficient to prove beyond a reasonable doubt that appellant was the driver of the car.

III. CONCLUSION

Accordingly, appellant's conviction is affirmed.

Affirmed.

- 6 -

Petty, J., concurring.

Although I agree that Shorter's conviction should be affirmed, I disagree with the majority's conclusion that the statement of facts in this case "shows that appellant timely and specifically stated his objection to the sufficiency of the evidence and properly preserved the question for appellate review." Because the written statement of facts does not indicate the basis of Shorter's legal argument at the trial court, Shorter's question presented was not properly preserved for appellate review. Thus, I conclude that we should not consider the question on appeal.

It is well settled that "[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see also Rule 5A:18. To preserve a claim that evidence was insufficient "in a bench trial . . . the defendant must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict." Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995). Furthermore, the motion or argument must *specifically* set forth the defendant's challenge to the sufficiency of the evidence. See Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987) ("[A] challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court." (citing Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978))). This Court requires "timely specific objections" so as to "afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted).

Rather than filing a transcript of the trial court proceedings in this appeal, Shorter submitted a statement of facts pursuant to Rule 5A:8(c). The statement of facts indicates that at the end of the Commonwealth's case, "Shorter moved to strike the evidence, challenging the sufficiency of the evidence and the admissibility of the blood test." The trial court overruled the motion, and, at the conclusion of all the evidence, "Shorter renewed his motion to strike." These general statements do not fulfill the requirements of Rule 5A:18. Shorter failed to identify which element of the offense had not been proven and why. Although he now argues that the evidence was insufficient to prove that he actually drove the car in which he was found, we have no way of knowing from the written statement of facts whether he made that same argument to the trial court. Furthermore, as the Supreme Court has recently reminded us, merely renewing a motion to strike at the conclusion of the evidence, without "appris[ing] [the trial court] of what arguments were being renewed," is insufficient to preserve Shorter's argument on appeal. United Leasing Corp. v. Lehner Family Business Trust, 279 Va. 510, 519, 689 S.E.2d 670, 674 (2010).

Accordingly, I believe that Rule 5A:18 precludes our consideration of Shorter's argument on appeal.