COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Haley and Powell
Argued at Richmond, Virginia


MIKEEMA CHAUNTAE-BEYONCE TAYLOR, S/K/A
  MICHAEL TAYLOR, JR.
                                                                OPINION BY
v.        Record No. 1292-10-2                    JUDGE JAMES W. HALEY, JR.
                                                                APRIL 26, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Thomas N. Nance, Judge Designate

        Steven Brent Novey (Novey and Tomko Law Firm, on brief), for
        appellant.

        Benjamin H. Katz, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


I.  INTRODUCTION

Appealing his conviction for unauthorized use of an automobile in violation of Code

§ 18.2-102, Mikeema Taylor argues (1) the evidence was insufficient to show he knew his use

was unauthorized and (2) the evidence was insufficient to prove venue.  We hold Taylor has

failed to preserve his first argument for appeal.  However, as we agree venue was improper, we

remand the case for a new trial.

II.  BACKGROUND

At around 7:00 a.m. on January 30, 2009, the victim left her house in *Colonial Heights*

and started her car to let it warm in preparation for driving to work.  Returning to her house and

looking out a window, she saw her car was missing.  She did not see who took her car.  A short

time later, a coworker of the victim observed the car on the road.  The coworker could not

identify the driver, but did determine it was not the victim.

At some point between January 30 and February 3, Taylor drove the vehicle to a residence in *Petersburg* and picked up a person he met from a telephone chat line. Within the vehicle, they spoke briefly, and upon the individual's request, Taylor drove back to that home.

Police located the victim's car on February 4, 2009, in a parking lot. Taylor was in a building across the street. The lot and the building were in *Chesterfield County*. Inside the vehicle the police recovered a disposable camera with pictures depicting Taylor with the vehicle.

Taylor admitted being in the car on the preceding day, February 3, 2009, but only as a passenger, a friend driving them to a mall in *Henrico County*. He testified he, likewise, received a ride on February 4 to the location in *Chesterfield County* where the car was ultimately found. On that date, Taylor maintained his friend told him not to return to the car because it was stolen and the police were near it. Taylor denied having any prior knowledge that the vehicle was stolen.

Taylor was indicted for grand larceny in the city of *Colonial Heights*, where the vehicle was originally stolen. At the conclusion of a bench trial, the court specifically acquitted Taylor of stealing the car, holding: "You don't have any evidence of who took the car. None." However, the court stated it could find Taylor guilty of unauthorized use in violation of Code § 18.2-102: "I believe he used it, so why is this not unauthorized use?"

Defense counsel argued that Taylor did not steal or use the car, that unauthorized use is not a lesser-included offense of grand larceny, and that the Commonwealth had not proven venue. The court found Taylor guilty of unauthorized use as a lesser-included offense of grand larceny.

III.  ANALYSIS

A.  Knowledge of Vehicle's Stolen Character

On appeal, Taylor now maintains the Commonwealth failed to prove he knew his use of the vehicle was unauthorized.  We hold Taylor failed to preserve this issue.

Where a defendant presents evidence, he waives any motion to strike made at the close of the Commonwealth's evidence.  Murillo-Rodriguez v. Commonwealth, 279 Va. 64, 83, 688 S.E.2d 199, 209 (2010).  To preserve an argument concerning the sufficiency of the evidence in a bench trial, a defendant "must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict."  Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995).  A renewed motion to strike must "identify the grounds upon which that relief [is] sought in order for the court to be apprised of what arguments [are] being renewed."  United Leasing Corp. v. Lehner Family Bus. Trust, 279 Va. 510, 518-19, 689 S.E.2d 670, 674 (2010).  Sufficiency arguments not properly preserved are waived on appeal.  Id. at 520, 689 S.E.2d at 675.

In this case, Taylor waived the issue of knowledge of the vehicle's stolen character by failing to assert it at the close of all the evidence.  Taylor argued that he did not steal or use the car and that the Commonwealth had failed to prove venue.  Taylor never presented the trial court with the argument that he did not know the car was stolen.

B.  Venue

Taylor argues venue was improper because the Commonwealth failed to prove he used the vehicle in *Colonial Heights*.  The Commonwealth essentially concedes that it failed to prove at trial that Taylor used the vehicle in *Colonial Heights*.  Nonetheless, the Commonwealth maintains venue was proper because Taylor was charged with and tried for grand larceny in *Colonial Heights*, the car was stolen in *Colonial Heights*, and unauthorized use is a

lesser-included offense of grand larceny. Moreover, the Commonwealth continues, the original theft represented a continuing offense, meaning Taylor could be tried where the theft occurred, even if the evidence proved only unauthorized use in a different venue.[1] We hold venue was improper and address the Commonwealth's arguments in turn.

Code § 19.2-244 provides that "the prosecution of a criminal case shall be had in the county or city in which the offense was committed." The Commonwealth has the burden to show a "strong presumption" that the crime occurred within the trial court's jurisdiction and may do this with direct or circumstantial evidence. Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 809-10 (1975); see also Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007). Since venue does not represent an element of the offense, Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944), the Commonwealth need not prove it beyond a reasonable doubt, Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 414 (2010); Morris v. Commonwealth, 51 Va. App. 459, 469, 658 S.E.2d 708, 712-13 (2008). We consider whether the Commonwealth proved venue when viewing the evidence "in the light most favorable to the Commonwealth." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990).

"Allegations of venue contained solely in an indictment cannot supply proof." Sutherland v. Commonwealth, 6 Va. App. 378, 382, 368 S.E.2d 295, 297 (1988). Venue "will not be presumed, but must be proved, and the burden is on the Commonwealth to prove it." Kelley v. Commonwealth, 140 Va. 522, 539-40, 125 S.E. 437, 442 (1924). Concisely stated, the Commonwealth may not rely on a greater offense to prove venue where the evidence fails to prove the defendant committed the greater offense and the lesser-included offense could not be

---

[1] We reject the Commonwealth's additional argument that Taylor failed to preserve this issue because the trial court did not address it. See Riner v. Commonwealth, 268 Va. 296, 325, 601 S.E.2d 555, 571 (2004). The court convicted Taylor, thereby rejecting his venue argument.

- 4 -

properly charged in the jurisdiction. To hold otherwise would entirely relieve the Commonwealth of the burden to prove venue.

The issue here raised is perhaps one of first impression in Virginia. Accordingly, we look to jurisprudence from other states.

In State v. Dixon, 691 S.E.2d 207, 208 (Ga. 2010), the defendant was tried in DeKalb County, Georgia, for a robbery occurring there. The defendant was accused of robbing a man of a truck and personal items. Id. The defendant admitted stealing the truck, but claimed he took it in Clayton County and committed the lesser-included offense of theft by taking. Id. He requested the trial court to give an instruction on this offense, but the court refused. Id. On appeal, the court held "the trial court properly declined to instruct the jury on a lesser included offense when there was no evidence the included crime was committed in the county in which the defendant was being tried." Id. The defendant could not "require the trial court to instruct the jury on a lesser included offense over which the court lacked venue." Id. at 210.

In People v. Lee, 54 N.W.2d 305, 309 (Mich. 1952), the defendant claimed the trial court erred in instructing the jury it could only find him guilty of premeditated murder or not guilty. The defendant argued the trial court should have instructed the jury about lesser offenses. Id. The evidence revealed the murder occurred in Livingston County, but the defendant was prosecuted in Detroit on the theory an "act to accomplish the murder occurred in the city of Detroit." Id. The appellate court held the trial judge properly declined to grant the instructions since if the murder was not premeditated, "such finding would eliminate the theory of conspiracy in the form and manner relied on by the prosecution and there would be no offense of which the trial court could have venue." Id. at 309-10.

In this case, the Commonwealth charged Taylor with the larceny of the car in *Colonial Heights* because the theft there occurred. However, the trial court specifically acquitted Taylor

of that offense, finding: "You don't have any evidence of who took the car. None." The trial court found Taylor unlawfully used the car.[2] Yet the only evidence of that use was in jurisdictions *other than Colonial Heights*. Accordingly, venue was improper for that offense.

We also disagree with the Commonwealth's argument that venue was proper because larceny is a continuing offense. The case of Davis v. Commonwealth, 14 Va. App. 709, 419 S.E.2d 285 (1992), is controlling. A gun was stolen from a store in South Boston and the police recovered it in South Boston from a third party. Id. at 711, 419 S.E.2d at 286. The defendant admitted possessing the gun while knowing it was stolen, but argued no evidence revealed he possessed it in South Boston. Id. at 710-11, 419 S.E.2d at 286. The Commonwealth argued that "since larceny is a continuing offense, Davis could be tried in the county in which the property was stolen. The Commonwealth adopts this position even though no evidence linked Davis with the actual theft in South Boston or proved that Davis possessed or received the property in South Boston." Id. at 711, 419 S.E.2d at 286. This Court determined venue was improper, holding:

> Even though larceny is a continuing offense . . . an accused who receives stolen property knowing it to be stolen may be tried only in those jurisdictions in which the accused is guilty of trespassing against the owner's property right. That offense can only occur in the place where the accused received the property or

---

[2] Viewed in the abstract, unauthorized use represents a lesser-included offense of larceny. Hewitt v. Commonwealth, 213 Va. 605, 606, 194 S.E.2d 893, 894 (1973). We do not consider whether Taylor's actions could constitute a lesser-included offense where the conduct relied upon by the court occurred at times and places different than the theft charged in the indictment, which the court acquitted Taylor of committing. See Rhodes v. Commonwealth, 223 Va. 743, 748, 292 S.E.2d 373, 376 (1982) (holding that "since the possession charge was based upon evidence of the defendant's alleged association with the PCP-soaked cigarettes at a time and place different from the scene of the manufacturing activities at the farmhouse, the possession charge was not a lesser-included offense within the manufacturing charge"); Peake v. Commonwealth, 46 Va. App. 35, 41, 614 S.E.2d 672, 676 (2005) (stating that while "the possession of marijuana is a lesser-included offense of possession of marijuana with the intent to distribute, conviction of the former would not bar conviction of the latter if each offense is based upon a 'distinguishable incident of the offending conduct'" (quoting Shears v. Commonwealth, 23 Va. App. 394, 401, 477 S.E.2d 309, 312 (1996))). Taylor has not assigned this as error and so it is not before us. Rule 5A:20; Cirrito v. Cirrito, 44 Va. App. 287, 309, 605 S.E.2d 268, 278 (2004).

> possessed it.  The fiction of larceny as a continuing offense does not create venue where the offense for which the accused is prosecuted occurred outside the jurisdiction of the trial court.

Id. at 714, 419 S.E.2d at 288.  Likewise, no evidence in this case proved Taylor used the vehicle in *Colonial Heights* and therefore venue was improper.

Where venue was improper, this Court should remand the case for a new trial in an appropriate venue.[3]  Thomas v. Commonwealth, 38 Va. App. 319, 326, 563 S.E.2d 406, 409 (2002); see also Pollard v. Commonwealth, 220 Va. 723, 726, 261 S.E.2d 328, 330 (1980).  Therefore, the judgment of the trial court is reversed and the case remanded for a new trial in a proper venue if the Commonwealth be so advised.[4]

Reversed and remanded.

---

[3] We do not decide whether the evidence would permit a finding that Taylor used the car within the meaning of Code § 18.2-102 in Chesterfield County or Henrico County to make venue proper there.  The parties have agreed the city of Petersburg would have represented an appropriate venue based on the evidence of Taylor picking up a person there.

[4] We note a trial court may order the remedy granted here by transferring a case to an appropriate venue.  See Code § 19.2-251.

- 7 -