COURT OF APPEALS OF VIRGINIA

Present:   Judges Chafin, Russell and Senior Judge Clements
Argued at Richmond, Virginia

JOSEPH MAURICE McFADDEN

v.       Record No. 2026-17-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JEAN HARRISON CLEMENTS
OCTOBER 16, 2018

FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
James F. D'Alton, Jr., Judge Designate

J. Daniel Vinson (Randall | Page, P.C., on brief), for appellant.

Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Appellant was convicted of possessing a Schedule III controlled substance in violation of

Code § 53.1-203(6).[1]  On appeal, he contends that the trial court erred by finding the evidence

sufficient to prove that he "possessed a Schedule III substance."  For the reasons that follow, we

affirm appellant's conviction.

Background

"When considering on appeal the sufficiency of the evidence presented below, we

'presume the judgment of the trial court to be correct' and reverse only if the trial court's

decision is 'plainly wrong or without evidence to support it.'"  Kelly v. Commonwealth, 41

Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Davis v. Commonwealth, 39

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In pertinent part, Code § 53.1-203(6) provides that "[i]t shall be unlawful for a prisoner in a state, local or community correctional facility . . . to . . . secrete or have in his possession a controlled substance classified in Schedule III of the Drug Control Act . . . ."

Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Wells v. Commonwealth, 65 Va. App. 722, 725, 781 S.E.2d 362, 364 (2016) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). On March 23, 2016, appellant and his cellmate, Jermaine Spruill, were in their cells when correctional officers conducted a random, unannounced search. The correctional officers directed appellant and Spruill to remove their clothing down to their underwear and to step outside of the cell. Appellant placed his clothes on the top bunk, including his blue jeans. When the officers searched the cell, they found a folded oatmeal packet in the back pocket of appellant's jeans. Inside the oatmeal packet were "three or four white pieces of paper folded up," each of which held five to six orange "rectangular film strips marked 'N8.'" The oatmeal packet contained a total of seventeen film strips, plus an additional partial strip. Appellant's identification and an address book bearing appellant's "information" were also in the jeans. Appellant admitted that the jeans were his, and Spruill testified that appellant was wearing the jeans immediately prior to the "shakedown" search. Subsequent forensic tests determined that the orange strips contained Suboxone, a Schedule III controlled substance.[2]

The trial court found that the evidence proved that appellant possessed the drugs and convicted him of violating Code § 53.1-203(6). This appeal followed.

Analysis

When the sufficiency of the evidence is challenged on appeal, the relevant inquiry is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson v. Virginia,

---

[2] Specifically, forensic tests concluded that the film strips contained "Buprenorphine and Naloxone, a Schedule III pharmaceutical preparation."

- 2 -

443 U.S. 307, 319 (1979)). This Court's deference to the fact finder "applies not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63-64 (2010). However, "[t]o the extent an assignment of error involves statutory construction, we review these issues *de novo*." Le v. Commonwealth, 65 Va. App. 66, 76, 774 S.E.2d 475, 488 (2015).

Appellant's assignment of error is limited to whether the evidence was sufficient to support the trial court's finding that he "*possessed* a Schedule III substance." (Emphasis added). Although he also argues that the evidence was insufficient to support his conviction because it failed to prove his knowledge of the "nature and character" of the oatmeal packet contents, his assignment of error does not challenge the sufficiency of the evidence on that basis. An issue that is not part of appellant's assignment of error in the petition for appeal is considered waived. See Simmons v. Commonwealth, 63 Va. App. 69, 75 n.4, 754 S.E.2d 545, 548 n.4 (2014); Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007); see also Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (holding that issue was waived because it was not "expressly stated" in the questions presented (now assignments of error)). Accordingly, because the assignment of error does not address *mens rea*, appellant has waived his argument that the evidence failed to prove that he knew that the oatmeal packet contained drugs.

Furthermore, even assuming that the assignment of error challenges the trial court's decision on *mens rea* grounds, appellant failed to preserve this argument at trial. "Rule 5A:18 promotes the correction of error at the trial level . . . [by] affording the trial judge an opportunity to consider the issues intelligently . . . ." Copeland v. Commonwealth, 42 Va. App. 424, 441, 592 S.E.2d 391, 399 (2004) (quoting Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991)) (other citations omitted). In a bench trial, "[c]ounsel may satisfy the mandates of Rule

- 3 -

5A:18" by "mak[ing] the grounds for his objection clear in a motion to strike the Commonwealth's evidence, or he may state the grounds in closing argument." Id. (citation omitted). He may also raise his objection through a motion made within twenty-one days of the court's final order. Id.

"[A] motion to strike the evidence presented after the Commonwealth's case-in-chief is a separate and distinct motion from a motion to strike all the evidence, or a motion to set aside an unfavorable verdict, made after the defendant has elected to introduce evidence on his own behalf." Murillo-Rodriguez v. Commonwealth, 279 Va. 64, 82, 688 S.E.2d 199, 209 (2010).

> [W]hen a defendant elects to introduce evidence [on] his own behalf after the denial of a motion to strike the Commonwealth's evidence, any further challenge to the sufficiency of the evidence at trial or on appeal is to be determined from the entire record, because by putting on additional evidence, the defendant waives his ability to challenge the sufficiency of the Commonwealth's evidence in isolation.

Id. at 74, 688 S.E.2d at 204-05. "In those circumstances, the defendant cannot rely on a previously made motion to strike, because any challenge to the sufficiency of the evidence, which includes evidence presented by the defense, will necessarily raise a new and distinct issue from the issue presented by the denied motion to strike." United Leasing Corp. v. Lehner Family Bus. Tr., 279 Va. 510, 517, 689 S.E.2d 670, 674 (2010) (citing Murillo-Rodriguez, 279 Va. at 83, 688 S.E.2d at 209). "[T]he defendant must afford the trial court the opportunity upon proper motion to decide the question of the sufficiency of all the evidence, and . . . if he fails to do so, he has waived his right to challenge the sufficiency of the evidence on appeal." Murillo-Rodriguez, 279 Va. at 80, 688 S.E.2d at 208. "In Murillo-Rodriguez, the Supreme Court established a bright line rule that 'by not reasserting a sufficiency challenge after [a defendant] has introduced his own evidence, the defendant has deprived the trial court of the opportunity to

consider and rule on the [matter].'" Porter v. Commonwealth, 66 Va. App. 302, 312-13, 785 S.E.2d 224, 229 (2016) (quoting Murillo-Rodriguez, 279 Va. at 80, 688 S.E.2d at 208).

Here, at the conclusion of the Commonwealth's case-in-chief, appellant argued that the evidence failed to prove that he constructively possessed the drugs, stating that "[t]here's no indication that he . . . had any information of the character of that substance or its presence in this particular pair of pants, despite whether or not he claimed ownership to the pants." After the trial court denied appellant's motion to strike, he presented evidence. At the conclusion of the evidence, the trial court stated, "All right. Argument." Appellant responded, "Well, at this point, Your Honor, I guess I'll incorporate this into a renewed motion to strike." Appellant's combined closing argument and renewed motion to strike focused solely on whether the evidence proved that he possessed the drugs; he made no mention of whether the evidence proved he was aware of the character or presence of the contents of the oatmeal packet. Thus, neither the Commonwealth's attorney nor the trial court addressed whether the evidence proved that appellant knew that he possessed drugs, or whether Code § 53.1-203(6) required such proof.[3]

A defendant who introduces evidence on his own behalf "demonstrates 'by his conduct the intent to abandon' the argument that the [opposing party] failed to meet its burden through the evidence presented in its case-in-chief." United Leasing Corp., 279 Va. at 517-18, 689 S.E.2d at 674 (quoting Murillo-Rodriguez, 279 Va. at 83, 688 S.E.2d at 209). Thus, when he makes a new motion to strike at the conclusion of all of the evidence, he "must inform the circuit

_____

[3] Because we hold that appellant waived his argument regarding whether he knowingly possessed the drugs, we do not address the Commonwealth's argument, raised for the first time on appeal, that Code § 53.1-203(6) requires no proof of scienter. "[A]n appellate court decides cases 'on the best and narrowest ground available.'" Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (en banc) (quoting Air Courier Conf. v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)).

court of the grounds upon which he . . . relies in making [his] new motion to strike so that the circuit court has the opportunity to consider the asserted grounds for [his] belief that the [opposing party]'s evidence is insufficient in light of all the evidence presented, including defense and rebuttal evidence." Id. at 518, 689 S.E.2d at 674; see also Taylor v. Commonwealth, 58 Va. App. 185, 189, 708 S.E.2d 241, 242-43 (2011) ("A renewed motion to strike must 'identify the grounds upon which that relief [is] sought in order for the court to be apprised of what arguments [are] being renewed.'" (quoting United Leasing Corp., 279 Va. at 518-19, 689 S.E.2d at 674)).

A litigant is required by statute to make the trial court aware of the grounds for an objection at the time of the ruling. Code § 8.01-384(A) provides, in pertinent part, that

> [f]ormal exceptions to rulings or orders of the court shall be unnecessary; . . . it shall be sufficient that a party, *at the time the ruling . . . is made or sought*, *makes known to the court* the action which he desires the court to take or *his objections to the action of the court and his grounds therefor*.

(Emphasis added). When appellant renewed his motion to strike, "which was a separate and distinct motion from [his] original motion to strike," he "failed to inform the circuit court that one of the grounds upon which [he] relied" was the lack of evidence proving scienter. See United Leasing Corp., 279 Va. at 519, 689 S.E.2d at 674. Instead, he focused only on whether the evidence proved that he possessed the drugs. See id. (holding that although defendant "renewed" its motion to strike at the conclusion of the evidence, it did not preserve all of the arguments raised in the original motion to strike because it "focused exclusively" on one of its earlier arguments and "made no mention whatsoever" of the argument it advanced on appeal).

Accordingly, appellant has waived his argument that the evidence was insufficient to prove that he knowingly possessed the drugs.[4]  Rule 5A:18.

Thus, the only remaining issue properly before us is whether the evidence was sufficient to prove beyond a reasonable doubt that appellant possessed the drugs.  Appellant acknowledged in his petition that his argument regarding possession "would be weaker, had the Commonwealth's evidence supported that the substance was found in a pair of jeans that [he] was wearing on his person . . . ."  However, the trial court's verdict was not based solely on the Commonwealth's evidence; the trial court was entitled to rely on all of the evidence at trial, including Spruill's testimony.  Spruill testified that appellant was wearing the jeans in which the drugs were found when the correctional officers announced the strip search.  The correctional officers were in the cell with appellant when he removed the jeans and placed them on the bed, and they remained in the cell with appellant and the jeans until the drugs were recovered from his jeans.  As appellant concedes, the evidence, when viewed as a whole, supported a rational finding that he actually possessed the drugs in his pocket.  Thus, the evidence proved beyond a reasonable doubt that appellant possessed the drugs.

Accordingly, we affirm appellant's conviction for possession of a Schedule III controlled substance in violation of Code § 53.1-203(6).

Affirmed.

---

[4] "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue these exceptions and we will not invoke them *sua sponte*."  Williams v. Commonwealth, 57 Va. App. 341, 347, 702 S.E.2d 260, 263 (2010).