COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Malveaux and Chaney
Argued at Lexington, Virginia

JULIAN HUFFMAN

v.        Record No. 1735-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARY BENNETT MALVEAUX
FEBRUARY 13, 2024

FROM THE CIRCUIT COURT OF WISE COUNTY
Thomas W. Baker, Judge

(Gary Joe Kincade, on brief), for appellant.  Appellant submitting
on brief.

Susan Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


The trial court convicted Julian Huffman ("appellant") of trespassing, in violation of Code

§ 18.2-119, and felony destruction of property, in violation of Code § 18.2-137.  On appeal,

appellant challenges the sufficiency of the evidence to demonstrate that he damaged more than

$1,000 of property.  He also argues that the trial court erred by allegedly qualifying one of the

Commonwealth's witnesses as an expert.  Finding no error, we affirm the trial court's judgment.

I.  BACKGROUND

"Because the Commonwealth was the prevailing party below," the facts are viewed in the

light most favorable to the Commonwealth.  *Massie v. Commonwealth*, 74 Va. App. 309, 315

(2022) (quoting *Delp v. Commonwealth*, 72 Va. App. 227, 230 (2020)).  This standard requires the

court to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard

as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

therefrom." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Cindy Smoot, the Wise County Housing Authority ("Housing Authority") property manager for the Inman Village apartment complex, banned appellant from Housing Authority property in September 2020. On August 6, 2021, surveillance video cameras recorded appellant and three other individuals repeatedly attempting to break into the laundry room in the office building at Inman Village with a hammer and screwdriver. Three days later, on August 9, 2021, Smoot noticed that the laundry room door and two windows were damaged. She also noticed a crowbar on the ground outside of the laundry room door. Smoot called the police after she realized that the damage to the laundry room was "over a thousand [dollars]." Smoot then catalogued and photographed the damage and sent photos of the damage to Myers Fox, the Section 8 housing inspector.

When visiting the complex, Fox realized that the windows were a "total loss." He created an estimate regarding their repair cost that included the cost of a replacement door and windows, the labor rate for contractors, and the parts needed to be ordered. At trial, the Commonwealth attempted to qualify Fox as an expert in "construction" based on his 40 years of experience in the Housing Authority's maintenance department. Fox testified that he usually completed the estimates for any repairs and contracted out for repairs that exceeded the capability of the maintenance department. Appellant objected to Fox's qualification because he was not a licensed contractor. The trial court did not explicitly rule on the motion to qualify Fox as an expert witness. It only ruled that Fox could "testify as to what he witnessed." Fox subsequently testified that the windows and door were badly damaged and needed to be replaced because they were "just damaged too bad to be repaired." He also stated that the door jamb was bent and its lock was broken. Fox instructed Housing Authority employees to order and pay for replacement windows and a door. Fox did not opine or otherwise testify to the replacement cost of the door and windows.

Daniel Hollyfield, an employee in the Housing Authority's accounts payable department, paid $597.80 to a supply and lumber company for a replacement window. She also paid $350 to Turner Contracting for the labor to install the replacement window. The Housing Authority maintenance department charged $111 to "repair damaged door due to break in to office." Accordingly, the repairs costs totaled $1,058.80. The Commonwealth introduced and the trial court admitted work orders and invoices for each of the three repair costs.

At the close of the Commonwealth's case-in-chief, appellant moved to strike the evidence for felony destruction of property,[1] arguing that the evidence did not prove that the damages he caused exceeded $1,000. He argued that some of the damage could have been caused by the other individuals who were present and that the video failed to establish "concerted action." Alternatively, he asserted that the damage could have been caused by another individual since the building was a "high volume public place" or that it may have occurred a long time ago as the building was built in the 1980s. Appellant also argued that a bear which allegedly appeared in the video could "have been clawing to get into the laundry room." The trial court denied the motion.

Appellant, testifying on his own behalf at trial, admitted that he was at the laundromat at Inman Village on the night of the incident even though he was not supposed to be there. He explained that he was homeless, was "on drugs," and was using the laundromat to do laundry. He admitted that he solicited the help of other people, including some other residents of the apartment complex, to pry the windows and door open, purportedly because he was in a "hurry" to retrieve his clothing. Appellant conceded that "some damage may have occurred," but claimed that it was only "a little." He told the court he had no desire to return to the laundromat and would stay with his parents.

---

[1] Appellant did not challenge the trespassing charge.

Following appellant's testimony, he renewed his motion to strike and asked the court to "consider what [he] said" in the first motion. The trial court denied the renewed motion. Appellant submitted the case without presenting closing argument, and the trial court convicted appellant of felony destruction of property and trespassing. The court found that the Commonwealth's evidence demonstrated that the value of the property he destroyed was "slight[ly]" over $1,000.

## II. ANALYSIS

### A. *Sufficiency of the Evidence*

Appellant argues that the evidence was insufficient to sustain his conviction for felony property damage because it failed to demonstrate that the cost of the damages exceeded $1,000. Specifically, he argues that only Smoot, who was neither a qualified expert nor a contractor, gave evidence of the cost of the damages. Appellant also argues that the court erred in finding that the damages exceeded $1,000 because Fox did not state the cost of the damages and Hollyfield failed to clarify whether the $111 was paid to replace the laundry door or an unrelated office door. Thus, he argues that the court erred in including $111 in the total damages. Appellant, however, did not preserve these sufficiency arguments for appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being

made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "To preserve an argument concerning the sufficiency of the evidence in a bench trial, a defendant 'must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict.'" *Taylor v. Commonwealth*, 58 Va. App. 185, 189 (2011) (quoting *Howard v. Commonwealth*, 21 Va. App. 473, 478 (1995)).

Here, appellant did make and renew a motion to strike the evidence for felony destruction of property, arguing that the evidence did not prove that the damages exceeded $1,000. His arguments on his motions to strike were related to the issue of how the damages were caused, not their value. On appeal, however, appellant argues for the first time that Smoot's and Hollyfield's testimony regarding damages was legally insufficient to prove that damages exceeded $1,000. He also contends for the first time that the $111 cost to replace the door cannot be counted towards the total damages because it relates to the "office" door, not the laundromat door. Because appellant did not present those specific arguments below, the trial court had no opportunity to rule on them, and therefore they are barred by Rule 5A:18. Appellant does not invoke Rule 5A:18's exceptions, and we will not do so sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 762 (2003) (en banc). Thus, we do not consider appellant's new arguments on appeal as a basis for reversal.

### B. *Qualifying the Housing Inspector as an Expert Witness*

Appellant argues that the trial court erred by qualifying Fox as an expert and permitting him to opine on the amount of damage done to the laundry room door and windows. Contrary to appellant's argument, however, the trial court did not explicitly rule on the Commonwealth's motion to qualify Fox as an expert witness.

Where an appellant "failed to obtain a ruling from the [trial] court" and "was denied nothing by the trial court," then "there is no ruling for us to review." *Fisher v. Commonwealth*, 16 Va. App.

447, 454 (1993); *see also Brown v. Commonwealth*, 74 Va. App. 721, 738 (2022) (citing Rule 5A:18); *Brandon v. Cox*, 284 Va. 251, 256 (2012). "Therefore, the [appellant] has waived his claim because he was required to request a ruling from the [trial] court, and he failed to do so." *Lenz v. Commonwealth*, 261 Va. 451, 463 (2001); *see also Juniper v. Commonwealth*, 271 Va. 362, 383 (2006).

A lay witness may testify about any matter within his personal knowledge. Va. R. Evid. 2:602; *Toraish v. Lee*, 293 Va. 262, 272 (2017). Moreover, "[o]pinion testimony by a lay witness is admissible if it is *reasonably based upon the personal experience or observations of the witness* and will aid the trier of fact in understanding the witness' perceptions." *Murray v. Commonwealth*, 71 Va. App. 449, 457 (2020); Va. R. Evid. 2:701. "*Lay opinion may relate to any matter*, such as—but not limited to—sanity, capacity, physical condition or disability, speed of a vehicle, *the value of property* . . . or the general physical situation at a particular location." *Id.* (quoting Va. R. Evid. 2:701) (second emphasis added). "In contrast to lay opinion testimony, '[e]xpert testimony is appropriate to assist triers of fact in those areas where a person of normal intelligence and experience cannot make a competent decision.'" *Id.* (alteration in original) (quoting *Utz v. Commonwealth*, 28 Va. App. 411, 423 (1998)).

Appellant's allegation that the trial court erred by qualifying Fox as an expert does not relate to any ruling that the trial court made, as the trial court never ruled on the Commonwealth's motion to qualify Fox as an expert. Rather, the trial court allowed Fox to testify "as to what he witnessed," as any lay witness would be permitted to do. Fox proceeded to testify, as a lay witness, that he observed the damages and created the repair estimate. These are matters within his personal knowledge and within the allowable scope of lay witness testimony. Fox did not give any opinion beyond what a lay person of normal intelligence and experience would know. Accordingly,

- 6 -

because appellant failed to obtain any ruling from the trial court on the Commonwealth's motion, appellant has waived appellate review of any claim related to that motion.[2]

### III. CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*

---

[2] Rule 5A:20 also bars our consideration of this assignment of error because it does not relate to any specific ruling of the trial court. An opening brief "must list, clearly and concisely and without extraneous argument, *the specific errors in the rulings below*." Rule 5A:20(c) (emphasis added). Appellant's assignment of error does not list a specific error in the trial court's rulings, because appellant failed to obtain a ruling on the Commonwealth's motion to qualify Fox as an expert.